## JONES CANTRELL v. STATE.

No. A-3080. Opinion Filed November 30, 1918.

(176 Pac. 91.)

1. **INTOXICATING LIQUORS—Unlawful Conveyance—Sufficiency of Evidence.** In a prosecution for unlawfully conveying intoxicating liquors, the evidence held sufficient to support the conviction, and that no material error was committed on the trial.

2. **CONTINUANCE—Ruling—Absence of Witnesses Not Served.** A motion for continuance, based on the absence of a witness who has not been served with process and who has left the jurisdiction of the court, should be overruled.

3. **SAME—When Granted.** A continuance should only be granted in order that justice may be done, and not in order to enable a violator of the law to escape justice.

*Appeal from Superior Court, Muskogee County;*
*H. C. Thurman, Judge.*

Jones Cantrell was convicted of a violation of the prohibitory law, and he appeals.    Affirmed.

*W. J. Crump, M. G. Bailey,* and *Don M. Crump,* for plaintiff in error.

The Attorney General and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   On information filed in the superior court of Muskogee county, charging that Jones Cantrell did in said county on or about the 17th day of March, 1916, unlawfully convey and transport about 10 cases of whisky from a point in Muskogee county unknown to a point in front of No. 1100 on North C street in the city of Muskogee, he was convicted, and his punishment fixed at confinement in the county jail for six months and a fine of $500.   He has appealed from the judgment entered upon such conviction.

Several assignments of error challenge the sufficiency of the evidence to sustain the conviction.

The evidence, briefly stated, is as follows:

Doyle Jay testified:   That he was a deputy sheriff on the 17th day of March, 1916, and between 2 and 3 o'clock in the morning of that day he and Homer R. Spaulding and Paul Whiteside were going down C street in Muskogee between Kankakee and Lawrence streets and came upon Cantrell and another man in a wagon.   The other man was driving, and Cantrell had a shotgun across his legs.   That he asked Cantrell what he intended to do with the shotgun and he stated he was going to shoot a negro that tried to hold him up.   That he and his party got out of their car and found several sacks in the wagon, containing

ten cases, or 120 quarts, of whisky. Cantrell asked if it would be all right for him to go over to the bakery and use the telephone, and he said, "Yes," and while witness was examining his car, which was leaking gasoline, the fellow that was with Cantrell skipped. That the defendant, Cantrell, said that "the other fellow did not have anything to do with the whisky."

The testimony of Homer Spaulding, the other witness for the state, was substantially the same.

Obviously, the verdict is in accordance with law, and the testimony is amply sufficient to support the conviction.

It is also insisted that the trial court erred in overruling the defendant's application for a continuance. It appears from the record that the case was called for trial April 24, 1916, and on application of the defendant was continued for the term. Then on January 20, 1917, the case was called for trial, and the defendant filed motion for continuance, which was allowed. On the 21st day of March the case was again called for trial, and the defendant filed his affidavit for a continuance, wherein he states:

"That he cannot safely go to trial without the testimony of Bill Norton, who if present would testify that A. E. Lorey was driving the wagon in which the intoxicating liquors were found; that the said Lorey had a gun, and after the wagon was stopped by the officers the said Lorey left the gun in the place of business of Bill Norton and ran away from the officers. That he has made diligent search and inquiry as to the whereabouts of the said Bill Norton and only succeeded in locating him on Sunday, March 18, 1917, and he caused a subpœna to be issued for said Norton, which was sent to the cheriff of Craig county. That said subpœna was returned showing the witness not found. That Bill Norton resides at Vinita, Craig county,

but is temporarily absent therefrom, and his attendance or testimony can be procured at the next term of this court. That he cannot safely go to trial without the tesimony of A. E. Lorey, who if present would testify that he was the owner of the liquor found in the wagon by the officers, and that this defendant got into the wagon with Lorey for the purpose of riding down to the business part of Muskogee, and that this defendant had no interest in said intoxicating liquors. That defendant is informed that said Lorey is now residing at Ft. Worth, Tex. That if the cause is continued until the next term of court he can procure the deposition of said Lorey, who will testify to the facts as herein stated."

The county attorney admitted that the absent witness Norton, if present, would testify as set out in the defendant's affidavit for continuance. To this admission and to the overruling of the motion for continuance on account thereof exceptions were reserved.

Obviously, the motion for a continuance was very properly overruled. There is no reason apparent from the record why this case should not have been prosecuted without unnecessary delay, yet it appears to have been continued on the defendant's applications until from the filing of the information more than a year had elapsed before the case was tried.

We have examined the other matters discussed by counsel, and have arrived at the conclusion. that there is not even a semblance of merit in the appeal.

The judgment of the superior court of Muskogee county is therefore affirmed. Mandate forthwith.

ARMSTRONG and MATSON, JJ., concur.