## LEO DOBBINS v. STATE.

No. A-3938.    Opinion Filed Sept. 11, 1922.
(208 Pac. 1056.)

(Syllabus.)

1.  **Husband and Wife—Information for Wife Abandonment Sufficient, and not Bad for Duplicity.**—For information held sufficient to charge the offense of wife abandonment, and not bad for duplicity, see body of opinion.

2.  **Evidence—Evidence Tending to Aggravate or Mitigate Offense.** —Where the jury is authorized to assess the punishment, any evidence tending either to aggravate or mitigate the offense is admissible.

3.  **Trial—Refusal of Requested Charge, Where no Evidence to Support.**—It is not error to refuse to give a requested instruction, where there is no evidence sufficient in law to support the theory on which the requested instruction is based.

4.  **Husband and Wife—That Husband Married Wife under Duress no Defense to Charge of Wife Abandonment.**—Where there had been no effort to annul the marriage, the fact that the husband married his wife under duress is no valid defense to a charge of wife abandonment.

Appeal from County Court, Dewey County; W. A. Carlton, Judge.

Leo Dobbins was convicted of wife abandonment, and he appeals. Affirmed.

Fred L. Hoyt and E. A. Darnell, for plaintiff in error.

The Attorney General, for the State.

MATSON, J.    On the 12th day of October, 1920, the county attorney of Dewey county, Okla., filed an information, duly verified, in the county court of said county, which, omitting the caption, is as follows, to wit:

"In the name and by the authority of the state of Oklahoma, now comes J. H. Antrobus, the duly qualified and acting county attorney in and for Dewey county, state of Oklahoma, and gives the county court of Dewey county, state of Oklahoma, to know and be informed that Leo Dobbins did, in Dewey

county, and in the state of Oklahoma, on or about the 18th day of May, in the year of our Lord one thousand nine hundred and twenty, and anterior to the presentment hereof, commit the crime of wife abandonment in the manner and form as follows, to wit:

"That Leo Dobbins, a person at and within the county of Dewey and state of Oklahoma, on or about the 18th day of May, 1920, did then and there without good cause abandon his wife, Leona Dobbins, and has ever since said date refused and neglected to maintain and provide for the said Leona Dobbins, and that on the 25th day of August, 1920, a child was born to Leona Dobbins and her husband, Leo Dobbins, to wit, Lucile Dobbins, and the said Leo Dobbins has failed and willfully neglected to provide for said Lucile Dobbins, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Oklahoma.

"J. H. Antrobus, County Attorney."

On the same day defendant was brought before the court and was released under a bond of $500 to appear at the January, 1921, term of the county court. On the 3d day of January, 1921, the cause came regularly on for trial, and the case being called for trial, defendant was duly arraigned, at which time he filed a demurrer to the information on the following grounds:

"(1)   That the information does not substantially conform to the requirements of the statute.

"(2)   That more than one offense is charged in the information and in the same count.

"(3)   The facts stated do not constitute a public offense.

"Wherefore said defendant prays the court to set aside the information herein and discharge this defendant."

Which demurrer was by the court overruled, and exceptions saved by defendant. The defendant then entered a plea of not guilty, and a jury was duly chosen and sworn to try

said cause. Whereupon the state introduced its proof and rested, and the defendant introduced his evidence and rested. The defendant offered requested instructions numbered A, B and C, which were respectively as follows, to wit:

"No. A. Gentlemen of the jury, you are instructed that the state has failed in this case to produce evidence sufficient to base a conviction upon, and the court instructs you to return a verdict of not guilty." (Which instruction was refused, and exceptions saved by defendant.)

"No. B. Gentlemen of the jury, the court instructs you that the information in this case charges that on the 25th day of August, 1920, a child was born to Leona Dobbins and her husband, Leo Dobbins, to wit, Lucile Dobbins, and that said Leo Dobbins has failed and willfully neglected to provide for said child, Lucile Dobbins, and the court informs you that the state has totally failed to produce sufficient evidence upon which to base a conviction under the charge of failing and neglecting to provide for said child, Lucile Dobbins, and the court instructs you that the defendant cannot be convicted of the charge of abandoning said child. You are therefore instructed to render a verdict of not guilty of the charge of abandoning said child or failing or neglecting to provide for said Lucile Dobbins." (Which instruction was refused, and exceptions saved by defendant.)

"No. C. Gentlemen of the jury, you are instructed that the defendant interposes as one of the defenses in this case that the marriage was entered into and the marriage vows made by reason of threats on the part of the father of the prosecuting witness, and that by reason thereof the marriage contract and marriage vows entered into by said defendant were null and void, and that the same would constitute grounds of divorce. And you are instructed that if you find from the evidence that such marriage was entered into through fear and because of the threats of the father of the prosecuting witness, and that the marriage was not voluntary on the part charged, and you should find the defendant not guilty and so of the defendant, the same will constitute a defense to the crime

say by your verdict." (Which instruction was refused, and exceptions saved by defendant.)

The court thereupon gave instructions numbered 1 to 11, inclusive, and defendant objected and excepted to instructions 1, 2, and 3 on the following grounds:

"Comes now the defendant, and excepts to the instructions given by the court, and especially to instructions numbered 1, 2, and 3, for the reason that the court fails to instruct the jury on the entire charge made in the indictment, and especially that he fails to charge them on the law in regard to the crime of abandonment, and failing and refusing to support one Lucile Dobbins, his alleged child."

The jury returned a verdict of guilty, but failed to agree upon the punishment. The defendant moved to discharge the defendant, notwithstanding the verdict, for the reason there was not sufficient evidence upon which to base a conviction, which motion was overruled, and exceptions saved. The defendant was then sentenced by the court to pay a fine of $500 to be paid to Leona Dobbins in weekly installments of $10.

A motion for a new trial was duly filed by defendant, and presented to the court, and thereafter overruled, to which action objection was made and exception taken. The alleged errors here assigned are as follows:

"(1) That the court erred in overruling the demurrer to the information. To which ruling defendant duly excepted.

"(2) That the court erred in permitting any evidence to be introduced under the information and over the objection of defendant. To which defendant excepted.

"(3) That the court erred in admitting incompetent and irrelevant and immaterial evidence prejudicial to the rights of defendant. To which defendant objected and excepted.

"(4) That the court erred in refusing to give a direct verdict as requested in offered instruction No. A. To which defendant duly excepted.

"(5) That the court erred in refusing to give requested instructions Nos. A, B and C. To which defendant duly excepted.

"(6) That the court erred in giving instructions Nos. 1, 2, 3, 4, and 5 over the objection of defendant. To which defendant duly excepted.

"(7) That the court erred in overruling defendant's motion for a new trial. To which defendant duly excepted."

It is first argued that the trial court erred in overruling the demurrer to the information. In this connection it is contended that the information does not allege every essential element of the crime intended to be charged, in that it does not allege that defendant abandoned his wife "in destitute or necessitous circumstances." The information is based on section 1, chapter 149, Session Laws 1915, which, as far as here involved, reads as follows:

"That every person who shall without good cause abandon his wife and neglect and refuse to maintain and provide for her, and who shall abandon his or her minor child or children under the age of twelve years, in destitute or necessitous circumstances, and willfully neglect or refuse to maintain or provide for such child or children, shall be deemed guilty of a misdemeanor and on conviction thereof shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail, or at hard labor on the public roads of the county not less than one month nor more than twelve months, or by both such fine and imprisonment."

The act is not ambiguous. The legislative intent is plain from the context. As to wife abandonment, the offense is complete so soon as she is abandoned by her husband "without good cause" and he thereafter "neglects and refuses to maintain and provide" for her. The words "in destitute or necessitous circumstances" qualify the clause immediately preceding—"and who shall abandon his or her minor child or

children under twelve years of age"; that portion of the act is applicable alike to the father or mother. The Oklahoma act was evidently framed from the act of Kansas (Laws Kan. 1911, c. 163), and the difference in phraseology between the two acts indicates an intent on the part of the Oklahoma Legislature to make the offense of wife abandonment criminal under the circumstances enumerated, without reference to whether the wife was "in destitute or necessitous circumstances" at the time of such abandonment. In this respect the Oklahoma act clearly departs from the prior Kansas act. In other respects the phraseology of the two acts relative to their criminal provisions are substantially identical.

Further it is contended that more than one offense is charged in one count in the information. There is no merit in this contention. The information charges the abandonment of the wife; the additional allegations referring to her pregnancy and subsequent birth of the child and failure thereafter to provide for it create no new or additional offense. The statute defines but one offense, that may be committed in different ways; the husband and father may, by the same act, abandon his wife without just cause, and minor child or children under the age of 12 years in destitute and necessitous circumstances, and fail to provide for either or both. If he does either or both, he has committed but one offense, and that offense continues until proper provision, to the best of his ability, is made for their adequate support.

The information in this case charges but one act defined by the statute as constituting the offense, that of wife abandonment. The additional allegations concerning the birth of the child are merely surplusage, are not misleading, and are not sufficiently averred to constitute a second or superfluous offense, even had the abandonment of the child been alleged to have been at a different time. See State v. Franks, 21 Okla. Cr.

213, 206 Pac. 258. There was no error in overruling the demurrer to the information.

It is also urged that the trial court erred in permitting the state, over objection and exception by defendant, to introduce evidence to show that defendant abandoned his wife "in destitute and necessitous circumstances." As the jury was authorized to assess the punishment, any evidence tending either to aggravate or mitigate the offense was properly admissible. Prather v. State, 14 Okla. Cr. 327, 170 Pac. 1176.

Finally, it is contended that the trial court erred in refusing to give instructions B and C, requested by defendant.

Instruction B is to the effect that defendant could not be convicted of abandonment of his minor child under the allegations of the information. The trial court, in the general charge to the jury, limited the jury to a conviction of the defendant for the abandonment of his wife. This sufficiently safeguarded his substantial rights, and, in view of the instructions given, there was no error in the court's refusal to give requested instruction B.

Requested instruction C was to the effect that defendant had entered into the marriage contract with his wife by reason of threats on the part of her father, and that therefore the marriage was null and void, and if the jury found such to be the fact, defendant could not be found guilty. We think this instruction was properly refused, (1) for the reason that there is no evidence sufficient in law to show that the marriage entered into between the defendant and his wife was by reason of any threats of violence to the defendant on the part of the father of the prosecuting witness; (2) because a marriage, even if obtained by duress, is not necessarily void, but merely voidable, and as the defendant had not invoked the jurisdiction of a court of equity to annul his marriage to the prosecuting witness, and there had been no annulment of the mar-

-riage by any court, so far as the trial court was concerned the marriage was valid and binding upon the parties, and the law cast upon the defendant the legal duty of providing for his wife, and defendant admits, and the record in this case shows, that the defendant had refused and neglected to perform such duty after having abandoned his wife without just cause. Bostick v. State, 1 Ala. App. 255, 55 South. 260.

There is practically no conflict in the evidence in this case. Defendant admits the abandonment, and subsequent failure to provide for his wife. The trial court was very liberal to defendant in the charge to the jury, and fairly presented the law of the case.

The judgment is affirmed.

DOYLE, P. J., and BESSEY, J., concur.