### JOHN HOWARD v. STATE.

No. A-3649. Opinion Filed Jan. 30, 1923.
(211 Pac. 1065.)

(Syllabus.)

1. **Continuance—Ground of Absent Witnesses—Insufficient Show-ing.** There is no abuse of judicial discretion in overruling a motion for a continuance, where the motion and supporting affidavits do not show conditions indicating that the desired testimony could probably be procured at a subsequent term of court.

(a) The same rule applies where the desired testimony is cumulative, and is predicated upon uncertain information and belief.

2. **New Trial—New Trial on Ground of Intimidation of Witnesses, Properly Refused.** Where the affidavits in support of a motion for a new trial indicate that certain prospective witnesses were, or may have been, intimidated, the court committed no error in overruling the motion where no effort was made by the defendant to produce such hostile witnesses for the purpose of demonstrating their knowledge of the facts at issue and to ascertain by the examination of such witnesses, under oath, whether or not they were in fact corruptly intimidated or influenced.

Appeal from Superior Court, Okmulgee County; R. E. Simpson, Judge.

John Howard was convicted of seduction, and he appeals. Affirmed.

Merwine & Newhouse, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

BESSEY, J.   John Howard, plaintiff in error, here referred to as the defendant, was in the superior court of Okmulgee county, by a verdict of a jury on May 27, 1919, found guilty of the crime of seduction, and his punishment was fixed at confinement in the state penitentiary for a term of five years.   From the judgment rendered on this verdict he appeals.

The defendant in his brief and argument contends that the court erred in overruling his motion for a continuance. Many of the things recited in the motion for a continuance under no rule of law would operate as an impelling reason to grant a continuance.   That portion of the motion relating to absent witnesses does not sufficiently show that the witnesses desired, or their evidence, could be procured at a subsequent term of court.   Besides this, the testimony desired was cumulative in its nature, and appears to be predicated upon uncertain information and belief. That being true, there was no abuse of discretion in overruling the motion.   Edwards v. State, 9 Okla. Cr. 306, 131 Pac. 956, 44 L. R. A. (N. S.) 701; Cox v. State, 9 Okla. Cr. 378, 131' Pac. 1109; Cantrell v. State, 15 Okla. Cr. 280, 176 Pac. 91; Garrett v. State, 15 Okla. Cr. 475, 178 Pac. 269.

It is next contended that a witness for the state was intimidated by relatives and friends of the prosecutrix, and that for this reason defendant's motion for a new trial should have been granted.   The witness towards whom the intimidating remarks were chiefly addressed actually testified to the effect that from his personal knowledge prosecutrix was not of chaste character, thus demonstrating that the threats made, if indeed they amounted to threats, were unavailing; the defendant therefore has no cause for complaint on that

ground. The issue of the chastity of the female is a vital issue in every seduction case. The jury by their verdict demonstrated that they did not believe the testimony of this witness.

The affidavits in support of the motion for a new trial stated further that before and during the trial other prospective witnesses were intimidated; that one in particular refused to talk to defendant and his attorney concerning what he knew about the chastity of the prosecutrix. However, the defendant made no effort to place these alleged witnesses on the witness stand, so that they might be interrogated under oath, and made no showing that if a new trial were granted the desired testimony would be forthcoming. The defendant should have made an effort to produce these alleged hostile witnesses at the trial and there demonstrate, or attempt to demonstrate, that whatever testimony they might give would be influenced by the belligerent attitude of the friends of the prosecutrix. A prospective witness is not necessarily hostile because he refuses to talk to one or the other of the parties interested in a seduction case.

Prosecutions of this character usually arouse more or less partisan feeling among the neighbors, friends, and relatives of both the defendant and the prosecutrix. The violated virtue of women is calculated to have this effect; but, unless it is shown that such a condition actually prevented the defendant from having a fair trial, a verdict of guilty will not be disturbed. The showing here made in support of this feature of the motion for a new trial was insufficient, amounting to mere speculation.

The law incorporated in the instructions to the jury was fair, and the evidence was sufficient to support the verdict.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.