A. R. SANDERS v. STATE.

No. A-7058.   Opinion Filed March 8, 1930.
(287 Pac. 846.)

294

Keller & Cameron, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Love county of the crime of manslaughter in the first degree, and his punishment fixed by the jury at five years' imprisonment in the state penitentiary. It is from this conviction that he appeals to this court.

The evidence of the state shows that defendant lived in Texas, and that he had come with his family to the home of Steve Deddeck, who had married his daughter, for the purpose of visiting the daughter, who was sick. The deceased, Fred Smith, was living in the same house with

Deddeck, and had been picking cotton for him. Smith was a married man, with a wife and several small children living there with him. The killing occurred about 8 o'clock at night, when defendant and his family were leaving the premises to go to the home of another daughter of defendant to spend the night. Defendant shot deceased with a pistol. At the time of the shooting, deceased was between Deddeck's house and the gate at the public highway, which gate was about 150 yards west of Deddeck's house. Deceased and another farm hand had gone down to this gate to get Deddeck, who was expected to return home about that time. They did meet Deddeck, and the three started back from the gate to Deddeck's house. Shortly after leaving the gate, a shot was heard up toward the house, and immediately the defendant and his family came down toward the gate in a Ford car. According to the state's evidence the defendant shot Smith, the deceased, while he was standing at the side of the road doing nothing.

The evidence of the defendant tended to show that defendant shot deceased in self-defense after deceased had jumped on the running board of the car with a shotgun in his hand. The evidence is sharply conflicting, but, as the weight of the evidence and the credibility of the witnesses were for the jury, this court will not substitute its judgment for that of the jury and the trial judge when there is competent evidence to support the verdict of the jury. Horn v. State, 13 Okla. Cr. 354, 164 Pac. 683; Pickett v. State, 35 Okla. Cr. 60, 248 Pac. 352.

The defendant contends, first, that the court erred in overruling his motion for a continuance. This was an oral, unverified motion, dictated into the record by counsel for defendant when the case was called for trial on December 19, 1927. The motion therefore did not comply with the requirements of the statute. The motion was

based on the proposition that the defendant had not been served with any notice that his case would be called for trial on that date, and, because he had not been notified, he had not prepared for trial by having certain material witnesses in his behalf present in court at that time. There is no statute requiring that the defendant be notified. The docket of the court had been published and circulated some two or three weeks before the case was called for trial. Defendant was under bond to appear in court from "term to term and day to day without notice." His bond required him to be in court whenever he was needed and any failure to keep posted as to the terms of court and the days thereof was chargeable to him and not to the court clerk. But, irrespective of the insufficiency of defendant's motion and of his laches, the record discloses that there was no abuse of discretion on the part of the trial judge in overruling his application. Two of the alleged absent witnesses, Ray Sanders and S. B. Smith, appeared and testified in behalf of defendant at the trial. As to the witness McCracken, defendant's testimony in support of his motion shows that the defendant did not know the whereabouts of this alleged witness, and did not know what he would testify to if he should procure him. There was no request to take his deposition and no likelihood of obtaining his presence at any subsequent term of court. The application for continuance was therefore properly overruled. Hill v. State, 19 Okla. Cr. 406, 200 Pac. 253; Vineyard v. State, 22 Okla. Cr. 76, 209 Pac. 783; Howard v. State, 23 Okla. Cr. 1, 211 Pac. 1065; Hunter v. State, 23 Okla. Cr. 125, 212 Pac. 1014.

The defendant next contends that his defense was not properly presented to the jury by court's instructions. There was no objection to any instruction given; neither was there any request for additional instruction on the

theory of the defense. The only instruction requested was one of manslaughter in the second degree. There was no evidence authorizing the giving of an instruction defining second degree manslaughter; hence it was not error to refuse to give such requested instruction. Bradley v. State, 18 Okla. Cr. 503, 196 P. 730; Dobbins v. State, 21 Okla. Cr. 403, 208 Pac. 1056.

Counsel for defendant argue that the trial judge should have instructed the jury on the theory of justifiable homicide committed in defense of defendant's family. In this case no such defense was presented, except as the same was merged in the right of the defendant to defend himself at the time of the fatal shooting. If this defendant fired the fatal shot in defense of anybody, he fired it in defense of himself, and, unless the defendant was justified in shooting deceased in his own defense, he was not justified at all. Defendant's testimony, if it amounts to justification at all, is to the effect that he was defending himself; that deceased was angry at him, had threatened to whip him, and was attacking him.

The alleged danger to defendant's family, if any, was occasioned by reason of their being in the car with the defendant, not because of any alleged attack by deceased directed against anybody but the defendant himself. The right of the defendant to defend his family was coexistent only with the necessity to defend himself under the facts in this case. In the case at bar, the court did instruct fully upon the right of the defendant to defend himself. Failure to instruct upon every possible question under defendant's theory of the case has been held by this court not to be error where special instructions were not requested in writing. Williams v. State, 12 Okla. Cr. 39, 151 Pac. 900; Fitzsimmons v. State, 14 Okla. Cr. 80, 166 Pac. 453; Merriott v. State, 18 Okla. Cr. 248, 194 Pac. 263.

The instructions in the case at bar were sufficient to cover the issue of self-defense as presented by the evidence. In the absence of any request for more comprehensive instructions on that issue, no reversible error appears.

The defendant next contends that the court erred in permitting hearsay evidence of the death of the deceased. The state introduced two doctors as witnesses who testified to operating on deceased in the hospital, and testified that he later died although they were not present and had no actual personal knowledge of the death. The state then called the wife of deceased, who testified that she was present at the time of his death, and that the deceased had died as a result of the wound inflicted by the defendant. Where incompetent evidence is permitted to go before the jury, and such facts are otherwise proved in a competent manner, the error occasioned by the admission of the incompetent evidence becomes harmless. Winfield v. State, 18 Okla. Cr. 257, 191 Pac. 609; Carroll v. State, 24 Okla. Cr. 26, 215 Pac. 797.

The evidence being sufficient to support the verdict of the jury, and no reversible error appearing in the record, the judgment is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.