CLEM BEAVER v. STATE.

No. A-8394. Sept. 2, 1932.
Rehearing Denied Sept. 30, 1932.
(14 Pac. [2d] 423.)

Hugh M. Bland, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Adair county of the crime of larceny of live stock, and. his punishment fixed by the jury at confinement in the state penitentiary for a period of two years.

Defendant contends first that the court erred in overruling his motion for a new trial on the ground of newly discovered evidence.

It appears from the record that defendant was given a preliminary trial in August, 1931, and was tried in the district court on the 21st day of October, 1931; that immediately after the preliminary, he employed W. A. Schofield as his attorney; that Schofield failed to appear to represent him at the trial.   It further appears that defendant and his witnesses were present and the trial court gave him 30 minutes' delay in which to procure another lawyer to represent him; that during that time he procured Harry Windsor and when the case was called announced ready for trial; that after the jury had found defendant guilty, his present counsel, Hugh M. Bland, and Vance & Bliss appeared as attorneys and filed a motion for a new trial, assigning, among other reasons for the same, newly discovered evidence.   This motion was supported by the affidavits of Eli Augerhole, Dick Weaver, and defendant.

The state contends that the evidence of Eli Augerhole was not newly discovered.   The affidavit discloses

that defendant knew that Augerhole would testify that he sold Weaver a hog of similar description to the one that was stolen from Mayes; Augerhole did not know what Weaver did with this hog. The testimony of this witness was not only not newly discovered, but was cumulative to the testimony of Weaver, Mr. and Mrs. Johnson, and defendant.

Defendant also claims that the testimony of Dick Weaver, who was a son-in-law of defendant, was not properly interpreted.

An examination of the record discloses that there was no substantial variance between what the witness testified to and the statements in his affidavit in support of the motion for a new trial.

In a motion for a new trial on the ground of newly discovered evidence, the affidavits must set out the proposed evidence and it must be such as could not have been secured at the former trial by reasonable diligence.

A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court. The presumption is that that discretion was properly exercised. Peters v. State, 35 Okla. Cr. 367, 250 Pac. 1032.

This court has also held that a new trial will not be granted where the evidence is cumulative and upon the whole record there is no reasonable probability that a jury upon another trial would arrive at a different conclusion. Ray v. State, 35 Okla. Cr. 322, 250 Pac. 438.

An examination of the record discloses that defendant was not entitled to a new trial on the ground of newly discovered evidence.

It is also urged that the evidence in this case is not sufficient to support the verdict and judgment.

Without going into detail, it is sufficient to say that the proof showed the stolen hog in the possession of defendant and that he butchered the same during the short period of time between the discovery of the stolen animal hidden in the smokehouse and the return of the owner to claim it. Defendant's testimony was that he traded for this hog with Dick Weaver, his son-in-law, and Eli Augerhole, whom it appears from other evidence was his brother-in-law. The jury were not bound to believe this explanation of defendant's. At most, it can only be said that there is a conflict in the evidence.

This court has uniformly held that it will not substitute its opinion for that of the jury where there is evidence reasonably tending to support the verdict, although the evidence may be conflicting.

There being no fundamental error in the record and it appearing that substantial justice has been done by the verdict and judgment, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.