FRANK TEAGUE v. STATE.

No. A-8622.  Feb. 16, 1934.
(29 Pac. [2d] 994.)

F. R. Blosser and Arney & Barker, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. Plaintiff in error, hereinafter called defendant, was convicted of burglary in the second degree in the district court of Roger Mills county and his punishment fixed at two years in the penitentiary.

It appears the teacher and officers of the Diamond Front school district of Roger Mills county had lost coal from their coal house, and for the purpose of detecting the guilty person they bored holes in certain lumps of coal, put paper with marks of identification in, and sealed, which lumps were then replaced in their coal bin. At the time charged the coal house was broken into and coal stolen. The tracks of a car were followed to defendant's home about five miles away, a search under a warrant made, and the identical lumps of coal with the identifying marks in them found in defendant's coal pile. Also a stone which had been used for a hammer and thrown in the coal pile at the school building was found in defendant's coal pile. The defense was alibi.

It is argued the evidence is insufficient to sustain the judgment. With a state of facts as detailed a defense must have been extremely difficult. That some person unknown to defendant on a cold December night committed the bur-

glary and put this coal at defendant's premises is out of the picture. It is too unreasonable. The contention is wholly without merit.

The only other contention made is that the court's instruction No. 5 is erroneous. This instruction is:

"You are instructed that when the fact that a burglary has been committed has been shown, and the question is whether or not the defendant committed such burglary, his possession of property which was contained in said building at the time of said burglary, or of a part thereof, at a time not too long after said burglary, is a circumstance for the jury to weigh and consider, in connection with all the other facts and circumstances in the case. Its significance will vary with its special facts, and with the other facts in the case, among which are the nearness or remoteness of the proven possession to the burglary; the nature of the property as passing readily from hand to hand or not; what explanation the defendant made, if any, of the possession of said property when same was found in his possession; together with such other facts and circumstances as would reasonably influence the opinion of the jurors as to the guilt or innocence of the defendant."

No exception to this instruction was taken at the time it was given. The instruction is not erroneous. Bradley v. State, 18 Okla. Cr. 503, 196 Pac. 730.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.