# DENNIS BAKER v. STATE.

No. A-10178.   May 5, 1943.
(137 P. 2d 245.)

A. C. Brewster, of Pryor, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

BAREFOOT, J.   Defendant, Dennis Baker, was charged in the district court of Mayes county with the crime of assault with a dangerous weapon, was tried, convicted and sentenced to serve a term of two years in the State Penitentiary, and has appealed.

For a reversal of this case it is contended that the evidence offered by the state was insufficient to sustain the judgment and sentence; that the court erred in admitting incompetent, irrelevant and immaterial evidence; and that the court should have granted a new trial by reason of newly discovered evidence presented at subsequent motion for new trial. In defendant's brief all of these questions were presented together, and will now be so considered.

The charge in this case arose by reason of the stabbing and cutting of Alex Fields, a full-blood Cherokee Indian, with a pocket knife, by the defendant, on the night of December 12, 1940.

From the record it is revealed that Alex Fields, a full-blood Cherokee Indian, went to the home of Charlie TeeHee, and present there were Charlie TeeHee, Gladys Sultiesky, Katie Fisher and Ned Downing, all full-blood Indians, and the defendant, Dennis Baker, and his wife, Pearl Baker . The defendant had gone to the home about 4 o'clock in the afternoon, his wife some hours later, and the prosecuting witness arrived about 8 or 8:30. All of the parties above named were witnesses for the state, with the exception of the defendant and his wife, and Charlie TeeHee, who did not testify. An interpreter was used, and this of course does not make the evidence as clear as it might otherwise be.

There was a direct conflict in the evidence between the witnesses for the state and the defendant. In an examination of the testimony of the witnesses for the state, it is necessary that one survey the whole of their testimony, and not the answer to some one specific question. The evidence of the four Indian witnesses for the state was that the defendant came to the home of Charlie TeeHee in the afternoon, and his wife came some time

later; that Alex Fields came about 8 or 8:30; and that during the evening, about 10 o'clock, defendant and Alex Fields, the prosecuting witness, got into a fight in the house. That the defendant struck Alex Fields, several of them testifying that they saw the knife in his hands at the time, and that he was also struck while lying on the floor. Others testified that they saw him with the knife in the yard after the difficulty, and he at that time threatened to cut them.

The record does not satisfactorily reveal how the fight started. The prosecuting witness testified that the defendant tried to borrow some money from him and tried to get him into a crap game, but that he refused, as he did not know how to shoot craps. In the difficulty the prosecuting witness, Alex Fields, was cut and stabbed in three different places. He was cut in the side, and twice on the back. After being stabbed and cut, he remained for some time on his face on the floor. Later a quilt was placed over him, and he remained there until the next morning. No one examined him or gave any attentions to his injuries. He went to his home about half a mile distant the following morning, and was then taken to a hospital at Claremore, and remained there for 30 days. All of the state witnesses testified that the prosecuting witness, Alex Fields, was stabbed and cut, and that they did not see him drinking prior to the time of the difficulty.

Defendant and his wife left for their home immediately after the trouble. Defendant testified that the crap game had been in progress and that he and all the Indians, with the exception of Alex Fields, were engaged in the game; that there was a fruit jar of wildcat whisky, and that he and all the Indians were drinking prior to the time of the diffculty. He testified that he left the

room, but heard his wife scream, and returned, and when he went back into the room the prosecuting witness was lying across his wife's legs and pulling her hair; that he picked up a board and hit him, but that he at no time cut or stabbed the defendant with a knife.

His wife corroborated the defendant as to what occurred, and further testified that the prosecuting witness, Alex Fields, was drunk; that he stabbed and cut her with a knife; that he was pulling her hair and lying across her limbs and that she screamed and the defendant struck him with a board.

The witnesses for the state testified that they did not see any fight between the wife of the defendant and the prosecuting witness Alex Fields, nor did they at any time see any cuts or stabs on her. She did not tell the defendant that she had been cut or stabbed until after they had started home, and she washed the blood off her hand at the creek, and wrapped it up with a part of her clothing. A physician testified to her coming to his hospital on the night of December 12, 1940, and having her wounds dressed by a nurse, and to his attending her several days later.

From the above statement it will be noted that there was a direct conflict in the evidence of the state and the defendant. While there may be some apparent conflict in the testimony of the full-blood Indian witnesses, yet, taking their evidence as a whole, it presents an attack by defendant upon the prosecuting witness, and an unnecessary stabbing and cutting of him. Defendant contended that the prosecuting witness had a knife with which he cut the wife of defendant. It was the state's contention that the prosecuting witness did not have a knife as he testified, and that he at no time cut the wife of defendant, and was at no time engaged in a difficulty with her.

It will be clearly evident that the jury in this case was in a much better position to judge the guilt of this defendant than is an appellate court. They saw and observed the witnesses on the stand, which gave them an opportunity to judge where the truth lay, and the verdict of the jury will not be set aside when it is sufficient to sustain the judgment and sentence

We have carefully examined the record with reference to the competency and relevancy and materiality of the evidence introduced, and do not find any substantial error in this respect. The court was very fair in his rulings as to the admission and rejection of evidence.

With reference to the argument of the county attorney, the record reveals the following proceedings:

"Mr. Brewster: We object to this argument, and ask the court to exclude it, and not only that, but to admonish the county attorney that this is improper argument. The Court: Gentlemen, the statement made by the county attorney that the defendant was a hardened criminal is not proper, and you will not regard that. It is for you to determine from the facts and circumstances in this case whether or not the defendant is guilty of the crime charged, and that is really not proper, Mr. County Attorney. Mr. Mayor: I will refrain from that further, and I am sorry. The Court: The jury will entirely disregard that statement, and let the record show that the argument to which the defendant objected was in the opening argument of the county attorney for the state."

From the above statement it will be noted that the court promptly instructed the jury not to consider the statement of the county attorney. The testimony had revealed that defendant had been convicted on previous occasions, the nature of the crime was not revealed. This was the reason for the statement made by the county attorney. We do not think the defendant was prejudiced

by the statement, and especially in view of the action of the trial court in reference thereto.

Defendant filed a motion for a new trial, and afterwards filed two supplemental motions for new trial upon the ground of newly discovered evidence. Attached to the first motion is the affidavit of a number of witnesses with reference to the condition of the weather and the darkness on the night of the difficulty. This testimony was largely cumulative to the testimony offered on the trial of the case. In the second supplemental motion an affidavit is attached of the witness Charlie TeeHee, a full-blood Indian at whose home the difficulty occurred. The record reveals that the name of this witness was endorsed upon the information, but he was not used by the state. He was present at the trial. There is nothing in the record to show that any attempt was made by defendant to interview this witness, and find out what his evidence would be. Counsel knew that he was present at the time of the difficulty. There is nothing to show diligence on the part of the defendant to secure the evidence of this witness. If the testimony could be considered as newly discovered evidence, it would be very easy for a defendant in any case not to place a witness on the stand and then after a trial and conviction set up by affidavit what he would testify, and claim that it was newly discovered evidence. The law demands diligence on the part of the defendant, and the mere fact that defendant and his counsel considered that the witness was hostile to him should not keep them from talking with him, and especially is this true when the state did not use him as a witness.

It has often been held that where the newly discovered evidence is merely cumulative, or that due diligence has not been exercised, that a motion for a new trial will not be granted on the ground of newly discovered evidence.

It has also often been stated that the granting of this motion is largely in the discretion of the trial court. Weiland v. State, 58 Okla. Cr. 108, 50 P. 2d 741; Isom v. State, 55 Okla. Cr. 173, 26 P. 2d 952; Beaver v. State, 54 Okla. Cr. 49, 14 P. 2d 423; Devore v. State, 33 Okla. Cr. 403, 243 P. 999; Howard v. State, 23 Okla. Cr. 1, 211 P. 1065; McKissack v. State, 61 Okla. Cr. 65, 65 P. 2d 1239.

From an examination of the record, we cannot say that the court erred in refusing to grant a new trial. There is nothing that leads us to believe that a retrial would change the result. The judgment and sentence of the district court of Mayes county is therefore affirmed.

JONES, P. J., and DOYLE, J., concur.