**David BELVEAL, Petitioner,**

v.

**The Honorable J. David RAMBO, Judge of the District Court of Cleveland County, State of Oklahoma, Respondent.**

**No. A–16777.**

Court of Criminal Appeals of Oklahoma.

July 21, 1971.

Ed Parks, Tulsa, for petitioner.

Larry Derryberry, Atty. Gen., and Dist. Atty. of Cleveland County, Norman, for respondent.

NIX, Judge:

This is an original proceeding for issuance of an alternative writ of prohibition to direct Respondent to dismiss Cleveland County Case Nos. CRF–70–518 and CRF–70–550, and to prohibit further prosecution on these charges of unlawful sale of marihuana and barbiturates.

Petitioner claims that after trial had begun on these two cases, being tried together, the trial court discontinued the trial and set trial for another date without accused's consent, thus constituting a former jeopardy bar to further prosecution. The State contends jeopardy has not attached.

As to a jury trial, before jeopardy attaches these conditions must exist: (1) Defendant must be put on trial before a court of competent jurisdiction; (2) The indictment or information must be sufficient to sustain a conviction; (3) The jury must have been sworn to try the case; and (4) Such discharge must have been without consent of the defendant. Sussman v. District Court, Okl.Cr., 455 P.2d 724 (1969). Jeopardy does not attach and bar a second trial if the jury is unable to reach a verdict. But otherwise when the conditions set out above exist, the discontinuing of a trial and discharge of the jury will create a jeopardy bar to a second trial.

As we noted in Sussman v. District Court, *supra*:

"It is not even essential that a verdict of guilt or innocence be returned for a defendant to have been placed in jeopardy so as to bar a second trial on the same charge."

■ Generally, the discharge of the jury on account of the inability of the prosecution to proceed with the trial operates as an acquittal, and the accused cannot be again prosecuted for the same offense. Unpreparedness of the prosecution to proceed with the case does not constitute any necessity that justifies discharge of an impaneled jury. 21 Am.Jur.2d Criminal Law, § 196. Cornero v. United States, 48 F.2d 69 (9th Cir., 1931); Hipple v. State, 80 Tex.Cr. 531, 191 S.W. 1150; Pizano v. State, 20 Tex.App. 139; Allen v. State, 52 Fla. 1, 41 So. 593.

As stated in Hunter v. Wade, 169 F.2d 973 (10th Cir., 1948):

"However, the constitutional guaranty protects an accused against a second trial where the jury in the first trial was discharged solely on the ground that witnesses for the government were absent and therefore their testimony could not be adduced."

■ As to a non-jury trial, the rule is stated in McCarthy v. Zerbst, 85 F.2d 640 (10th Cir., 1936):

" * * * where a case is tried to a court without a jury, jeopardy begins after accused has been indicted and arraigned, has pleaded and the court has begun to hear evidence."

To the same effect see Hunter v. Wade, *supra,* Clawans v. Rives, 70 App.D.C. 107, 104 F.2d 240 (1939), Wharton's Criminal Law, Vol. 1, § 138.

The evidence established that Petitioner had been arraigned, entered a plea of not guilty, and that a non-jury trial had been set for July 2, 1971, before Judge Rambo. At that time, both the State and defendant appeared for trial. Both the defendant and the State had witnesses present and prepared to testify. The State proceeded and offered in evidence the transcript of the Preliminary Hearings on the two cases since Bowman F. Upchurch, who testified at the Preliminaries, was not in attendance to testify at the trial. The State called Bud Argo, a Norman Police Officer, who testified that Upchurch was an undercover agent who had made the unlawful purchases from Petitioner in these cases, and that two phone contacts were made in an effort to secure Upchurch's presence for the trial. The trial court ruled there had been a lack of diligence to secure the witness and denied admission of the Preliminary transcripts. The State then asked for a two-week continuance in the trial, announcing it could not sustain its case without Upchurch's testimony. The defendant moved for dismissal. The trial court denied defendant's motion and granted the State's continuance, announcing that the "trial will be scheduled further at 2:00 p. m., 19 July 1971."

■ From these facts we find that the court had indeed begun to hear evidence and that the matter was in trial. The offer of the transcript was submitting evidence just as surely as if the witness had been present and called to testify. That the trial court found the transcript inadmissible does not alter this fact. Both sides had witnesses present and ready to testify. The State's witness, Bud Argo, was sworn and gave testimony. The argument that the trial had not begun is untenable.

It has long been the rule as stated in Sanders v. State, 46 Okl.Cr. 293, 287 P. 846 (1930):

"A motion for a continuance on account of the absence of evidence can be made only upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it and what the evidence may be; and, if it be for an absent witness, the affidavit must show where the witness resides, if his residence is known

to the parties, and the probability of procuring his testimony within a reasonable time, and what facts he believes the witness will prove, and that he believes them to be true."

The State did not file such a pretrial motion for continuance with the affidavit as required by law. Rather, the State first sought to admit evidence of defendant's guilt. When it was not accepted, the State belatedly, orally moved for continuance without the prerequisite affidavit.

Accordingly, we find Petitioner had been arraigned, entered a plea, and the court had begun to hear evidence in a non-jury trial. Thus, jeopardy did attach before the trial was discontinued due to the absence of a witness for the State, and the constitutional prohibition against twice putting an accused in jeopardy for the same offense bars further trial of this Petitioner on the two charges which went to trial on July 2, 1971, and was unnecessarily interrupted without Petitioner's consent. Writ Granted.

BRETT, J., concurs.