## J. E. BELL v. STATE.

No. A-2503.   Opinion Filed November 27, 1917.

(168 Pac. 827.)

1. **EVIDENCE—Opinion Evidence—Insanity.** As a general rule nonexpert witnesses should not be permitted to give their opinions as to the sanity or insanity of a person whose mental capacity is made an issue in a criminal trial. They may, however, after testifying to facts upon which they base conclusions, testify to the impressions made upon them, and state whether the acts and declarations testified to led them to believe that the person in question was rational or irrational; that is, whether he was sane or insane.

2. **SAME—Exclusion of Evidence—Rebuttal.** A defendant at the trial cannot be heard to complain of the introduction of testimony in rebuttal of the same character introduced by him in chief upon any material issue. It is the duty of the trial court, however, to exclude all testimony except that which is recognized by the law as competent and material.

3. **APPEAL AND ERROR—Conclusiveness of Verdict—Sanity.** (a) A judgment of conviction will not be reversed on appeal, upon the ground that the same is contrary to the evidence, when there is competent and material evidence in the record sufficient to support the conclusion of the jury in reaching the verdict upon which the judgment is based.

   (b) The fact that proof is offered showing that the defendant at the trial had near relatives, including his father, confined in an asylum, due to given causes, none of which causes are shown to have affected him, and that certain nonexpert witnesses testified that they believed from the conduct of the defendant that he was insane, barely raises the issue of insanity; and when numerous witnesses who have observed the conduct and acts of the defendant upon many occasions prior to or at the time of the homicide, and immediately subsequent thereto, contradict the testimony offered on that issue by him, it cannot be said that the verdict is contrary to the evidence. The question is properly one for the determination of the jury, and their finding thereon will not be disturbed on appeal.

4. **APPEAL AND ERROR—Harmless Error—Instructions.** Technical errors in instructions given by the court at the trial will not

work a reversal, when it is apparent that a fair and impartial trial was accorded, and no prejudice resulted to him.

***Appeal from District Court, Jackson County;***
***Frank Mathews, Judge.***

J. E. Bell was convicted of manslaughter in the first degree, and he appeals. Affirmed.

*Dabney & Thorpe,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., *C. E. Hall,* Co. Atty., and *W. T. McConnell,* for the State.

ARMSTRONG, J. The plaintiff in error, J. E. Bell, was tried at the January, 1915, term of the district court of Jackson county on a charge of murder, and convicted of manslaughter in the first degree. His punishment was fixed by the jury at imprisonment in the state penitentiary for 20 years.

The information charges the plaintiff in error, Bell, with the murder of T. F. Blackstone on August 5, 1914. The homicide was not denied by the accused. The proof upon behalf of the state establishes conclusively that Blackstone was murdered at the time and in the manner and form as charged. It appears that the deceased was in a store in the town of Hess on the night of August 5, 1914; that the accused entered the store, and a controversy ensued; that the owner of the store called for assistance to put both men out of the place; that Blackstone went out with a man named Blue. Later the defendant went out, and walked across the street, and turned around and made some remark, and began shooting. Some of the bullets struck deceased. One of them struck witness Blue, but did not wound him seriously. The deceased expired within a short time. The accused apologized to Blue for shooting him, saying that he did not

intend to hurt him, and remarked that he was a "blowed-up sucker," or something to that effect, and also said that he would kill any man who would charge him with stealing meat. The deceased in the controversy in the store had denied charging the accused with stealing meat. No effort to justify the homicide upon the ground of self-defense was made.

The accused relies solely upon the contention that he was insane at the time, and therefore not amenable to the criminal laws of the state. Four assignments of error are argued in the brief of plaintiff in error as ground for reversal of the judgment. All of these grow out of objections to the admission of evidence, or instructions of the court concerning the insanity issue.

The first is based upon the contention that the court erred in permitting the state to introduce in rebuttal the testimony of certain nonexpert witnesses bearing upon the sanity of the accused. Counsel rely upon the doctrine laid down in *Queenan v. Territory,* 11 Okla. 261, 71 Pac. 718, 61 L. R. A. 324, and quote the following from the opinion in that case:

"We think the true and sound rule is that nonexpert condition, may state whether such acts, conduct, and appearance of the accused, as to his physical * * * condition, may state whether such acts, conduct, and appearance impressed them as rational or irrational. But they cannot be permitted to give their opinion as to the general soundness or unsoundness of the mind of the accused or as to his mental capacity. And this is the rule laid down by the Court of Appeals of New York, in a number of well-considered cases. In *People v. Strait* (148 N. Y. 566) 42 N. E. 1045, the court in discussing the question said: 'The rule is that persons not experts, after testifying to facts and incidents in relation to a

person tending to show soundness or unsoundness of mind, may testify to the impression produced upon them thereby, and as to whether the acts and declarations testified to impressed them as rational or irrational; but they cannot be permitted to give an opinion as to the general soundness or unsoundness of mind of the person or as to his mental capacity.' "

The state admits in its answer brief the correctness of the doctrine laid down in the Queenan Case, but insists that this rule does not apply to the facts in this record, and contend, further, that the plaintiff in error at the trial opened up the issue in question by incompetent testimony of like nature from nonexpert witnesses by offering their opinions as to the sanity or insanity of the accused, and by going even further, and asking them to state whether or not their observation of the accused indicated that he was natural or unnatural, normal or abnormal, etc. An examination of the record leads to the conclusion that the issue was opened up by the accused, and, further, that the offer of any lay witnesses by the state in rebuttal comes within the rule announced in *Queenan v. Territory, supra.* It appears from the record that the state was satisfied to accept the gauntlet laid down by the accused upon the proposition of insanity, and was willing to meet the testimony offered with testimony of like character. We are of opinion, however, that the examination should have been by the trial court required to conform strictly to the law on both sides; but, after having permitted the accused to offer the opinion of nonexpert witnesses, the state was entitled to the same right in rebuttal.

Counsel next contend that the verdict is contrary to the evidence, and that it is not sustained by sufficient evidence. This assignment is without merit. It is argued

that, because the proof showed that the father of the accused was insane and confined in an asylum in Illinois on account of the fact that he had suffered from a blow on the head and from venereal disease, and the further fact that an aunt, who was a half-sister to his father, 'had been confined in a similar institution on the ground that she had become insane on account of menstrual trouble, and further evidence indicating that the grandfather and two brothers of the grandfather had been weak-minded, supported by the testimony of the nonexpert witnesses that in their opinion the accused was insane, the incapacity of the accused to commit the crime charged was conclusively established. Having examined all of the facts and circumstances introduced in evidence, there is considerable doubt in our mind as to whether or not the accused met the burden of introducing sufficient evidence to raise a reasonable doubt as to his sanity at the time the homicide was committed. It is clearly established that he was angry at the deceased, and had been quarreling with him immediately prior to the homicide; that he was addicted to the use of morphine and had a violent temper; that he also drank whisky to excess. The fact that one's ancestors have been afflicted with insanity is only a circumstance admitted for the consideration of the jury, and does not conclusively establish any issue involved; nor does the testimony of nonexpert witnesses of the character offered. The testimony of the latter was offset completely by the proof of the state in rebuttal. The position of counsel would be incorrect, even though the proof had disclosed the fact that the accused himself had been formerly adjudged insane and confined to an asylum. *Hunt. v. State,* 33 Tex. Cr. R. 252, 26 S. W. 206. The issue of insanity is one of fact, and the only presumption attendant upon

this crime was that the accused was sane until evidence of his insanity sufficient to raise a reasonable doubt on that point was introduced. Under all of the facts and circumstances disclosed, the question in this case for the jury to determine was whether or not the accused was sane or insane at the time of the homicide. A review of the testimony upon this proposition fails to disclose that the verdict of the jury was contrary to the evidence admitted. In our judgment, the jury was more lenient with the accused than the facts and the law warranted.

The remaining errors argued in the brief are based upon the contention that the court erred in giving certain instructions and refusing certain others. A careful examination of the instructions discloses the fact that they contain no prejudicial error. Taken as a whole, they are entirely favorable to the accused. The propositions covered by the requested instructions, in so far as they are applicable to the issues, were covered in the general charge. The greatest objection we can see to the charge it contained in the fact that the court endeavored to be too explicit, and covered more ground than was necessary to properly submit the issue to the jury. There is no fundamental error in the instructions prejudicial to the substantial rights of the accused.

The verdict of the jury having been more favorable to the accused than the facts warrant, the judgment will not be reversed, even though slight technical errors existed in the instructions. A careful examination of the record discloses no substantial error prejudicial to the rights of the plaintiff in error.

The judgment of the trial court is therefore affirmed.

DOYLE, P. J., and MATSON, J., concur.