## WILLIAM M. GARRETT v. STATE.

No. A-3002.   Opinion Filed February 15, 1919.

(178 Pac. 269.)

1.  **CONTINUANCE—Absence of Witness—Ruling.** Where application is made for continuance by the defendant at the October, 1916, term of court on account of the absence of a witness who is a nonresident of the state, and again at the February, 1917, term of court, the application is again presented on account of the absence of the same witness, who is still a nonresident of the state, and no effort was made between the October, 1916, and February, 1917, term to take the deposition of such witness, the continuance was properly denied.

2.  **SAME—Denial of Continuance—Prejudice.** Where a continuance is asked in a rape case on account of the absence of a witness by whom it is intended to impeach the prosecutrix, and the prosecutrix admitted, on the trial, the making of all the material statements desired to be proven by such absent witness, it is clear from the record that no prejudice resulted to defendant by reason of the absence of such witness from the trial.

3.  **APPEAL AND ERROR—Verdict—Review.** Where the evidence reasonably supports the verdict, a judgment of conviction rendered thereon will be sustained. It is the exclusive province of the jury to decide controverted questions of fact, and to determine the inferences properly to be drawn from the evidence.

*Appeal from District Court, Washita County;*
*Thomas A. Edwards, Judge.*

William M. Garrett was convicted of the crime of rape in the first degree, and sentenced to serve a term of 16 years in the penitentiary, and he appeals. Judgment affirmed.

*Swan C. Burnette,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J. It is first contended that the court erred in overruling defendant's application for a continuance. This application is based upon the absence of two witnesses for the defendant, namely, William Conner, a brother of the prosecutrix, and Mrs. Estella Platt.

The application in substance alleged that the witness William Conner is a resident of Chillicothe, Ill., and is a material witness for the defendant, in that the defendant expects to prove by said witness that the prosecutrix, Nellie Conner, made statements to the witness that she was going to make trouble for the defendant, and that the witness inquired of said Nellie Conner what she intended to do prior to the time she made the charges against the defendant, and that, after the charges were made against the defendant, the said Nellie Conner told the witness that now he could see what she had in mind at the time she made the statement to him, prior to the time she made the charges against the defendant.

It is not necessary to consider any question in connection with the application for continuance on the ground of the absence of William Conner, except that of whether due diligence was used to obtain his presence at the trial,

or to take his deposition in behalf of the defendant; he (Conner) being a nonresident of the state.

It is the duty of the defendant to use all reasonable diligence in order to secure the attendance of witnesses in his behalf, and it must be made to appear from the application for a continuance that he has used due diligence to procure the attendance of his witnesses, and the application must set out facts fully which constitute such diligence. *Bryan v. State,* 5 Okla. Cr. 542, 115 Pac. 619; *Hopkins v. State,* 9 Okla. Cr. 104, 130 Pac. 1101, Ann. Cas. 1915B, 736; *Davis v. State,* 10 Okla. Cr. 169, 135 Pac. 438.

The record in this case shows that this application for a continuance was presented to the court on the 16th day of February, 1917, and it further appears that at the October, 1916, term of said court the defendant asked a continuance in this case on account of the absence of this particular witness. No reasons are given why defendant did not take the deposition of said witness between October, 1916, and February, 1917, terms of court; the witness being without the jurisdiction of the trial court, it was impossible to compel his attendance at the trial at any term of court. If trial courts were to grant continuances because of the absence of witnesses who were residents of other states, and whose attendance on court could not be compelled, where there is no showing whatever of diligence or attempt made to take the deposition of the absent witness on behalf of the defendant, then it would be practically impossible for the state to ever bring a criminal case to trial. Applications for a continuance should be granted only for the purpose of procuring the testimony of witnesses material either to the prosecution or the defense, and not merely for the purpose of delaying trial.

The application with reference to the witness Estella Platt shows that the purpose of having such witness in attendance upon court was to impeach the prosecuting witness, Nellie Conner. It also appears from the record that the said witness, Estella Platt, was present in court at a former trial of this case, that the prosecuting witness admitted having made every statement attributed to her in the presence of Mrs. Platt, and that the defendant did not use Mrs. Platt as a witness on the former trial because of such admissions by the prosecuting witness; and the record further shows in this trial that the prosecuting witness made the same admissions that were made by her on the former trial. It is therefore clear that, had Mrs. Platt been present in court, any evidence by her relative to such conversations on the part of the prosecutrix would have been clearly inadmissible because of such admissions.

It is therefore clear, from the entire record in this case, that the trial court did not abuse its discretion in overruling the application for a continuance. Where a continuance is asked on account of the absence of an impeaching witness, and the record shows that the witness sought to be impeached by such absent witness admitted all the material facts desired to be proven by such absent witness, the defendant is not prejudiced by the action of the trial court in overruling the application.

The only other question involved in this appeal is the sufficiency of the evidence to sustain a conviction. Counsel for defendant quotes liberally from several cases decided by this court in which the judgments of conviction in rape cases were reversed because not sustained by competent trustworthy evidence.

An examination of the cases cited by counsel for the defendant discloses that the cases relied upon were cases

in which the prosecuting witnesses testified to an act or acts of sexual intercourse committed by force. The charge in this case is not rape by force, but rape upon a girl of the tender age of 13 years. The defendant was her step-father. The evidence of the prosecutrix is, not that she submitted to the act because of force, or that she was prevented from resisting by reason of threats of great bodily harm accompanied by apparent power of execution. The prosecution was not based upon either of such theories, but upon the ground alone that prosecutrix was under the age of consent at the time of the commission of the act.

The fact that prosecutrix testified that defendant threatened to kill her, should she expose the illicit relation between them, or refuse to submit thereto, was not material to the offense charged, but was admissible as tending to explain her failure to make disclosure thereof. The prosecutrix, being an inmate of defendant's home and of tender years, would not be expected to act with that degree of discretion and circumspection chargeable to an older woman. We see nothing in her failure to disclose this outrage until outside protection was afforded her inconsistent with the guilt of this defendant.

The evidence of the prosecutrix bears the earmarks of truthfulness, and she is corroborated by the testimony of a reputable physician who made an examination of her person within 48 hours after one of the alleged occurrences, and the examination disclosed a bruised, swollen, and distended condition of the private parts, such as would be made by a blunt instrument, and a discharge was found in the vagina which said doctor testified to be the semen from a man.

It is not necessary to enter into a lengthy discussion of the harrowing details of this crime. It is sufficient to

say that, after a careful examination of the entire record, the court is convinced that there is ample evidence to sustain the conviction.

Finding no prejudicial error in the record, the judgment is affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.