## ANDREW JOHNSON v. STATE.

No. A-3370.    Opinion Filed July 6, 1920.

(190 Pac. 897.)

(Syllabus.)

1.    **APPEAL AND ERROR—Right to Complain—Election to Prosecute for Lesser Offense.** A defendant will not be heard to complain that the prosecuting officer elected to try him for the lesser grade of the offense included within the same criminal transaction, as a conviction for such grade of offense, procured without fraud, conivance, or collusion of the defendant, is a bar to any subsequent prosecution for any other grade of the offense growing out of the same criminal act.

2.    **APPEAL AND ERROR—Review—Sufficiency of Evidence.** Where there is competent evidence in the record from which the jury might reasonably conclude that the defendant is guilty of the crime charged, a judgment of conviction will not be reversed on appeal on the sole ground that the evidence is insufficient.    ..    ..

*Appeal from District Court, Pottawatomie County;*
*Charles B. Wilson, Jr., Judge.*

Andrew Johnson was convicted of an assault with a sharp and dangerous weapon with intent to do bodily harm and without justifiable or excusable cause, and he appeals. Affirmed.

*G. A. Outcelt,* for plaintiff in error.

*S. P. Freeling,* Atty Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

MATSON, J.    The defendant, Andrew Johnson, was charged by information filed in the district court of Pottawatomie county with an assualt with a dangerous weapon,

to wit, a knife with a blade about two inches long, upon the person of one Ewers White, with intent to do great bodily harm, and without justifiable or excusable cause. The trial resulted in a verdict of "Guilty as charged in the information," the jury fixing the punishment at 90 days' imprisonment in the county jail. From this judgment of conviction the defendant has appealed to this court, and contends that the evidence is wholly insufficient to sustain the conviction, and also that if it shows the defendant guilty of any crime at all it is of some grade of assault and battery, which said crime was not included within the charge filed against him.

The latter contention is based upon a holding of this court in the case of *Parks v. State*, 14 Okla. Cr. 413, 171 Pac. 1129. The *Parks Case* has no bearing upon the questions involved in this appeal. In that case, while the defendant was charged with assault with intent to do bodily harm, there was no evidence which would authorize the jury to find the defendant Parks guilty of such a crime, while in this case there is evidence which would support a conviction either of some grade of assault and battery or merely of an assault with intent to do bodily harm, as the testimony of the prosecuting witness shows conclusively that the defendant assaulted him at least one time without inflicting any wounds upon his person. While the prosecutions (*Parks* Case and this) were each based on the same section of the statute, the facts are dissimilar. Here the evidence will support the charge, and for that reason there is no fatal variance, although there is some evidence that later in the difficulty a battery was accomplished by defendant.

Furthermore, the defendant will not be heard to complain that the prosecuting officer elected to try him for the

lesser grade of the offense included within the same criminal transaction, as the conviction here is a bar to a subsequent prosecution for any grade of assault and battery growing out of the defendant's acts toward the prosecuting witness on that occasion, as there is no showing that this conviction was procured by the fraud, connivance, or collusion of the defendant. 8 Ruling Case Law, p. 146, §131.

The contention also that there is no evidence in the record sufficient to support the verdict is without merit. This court has repeatedly held that where there is any competent evidence in the record from which the jury might reasonably conclude that the defendant was guilty of the crime charged à judgment of conviction will not be reversed on appeal on the ground that the evidence is insufficient. *Bell v. State,* 14 Okla. Cr. 167, 168 Pac. 827; *McDaniel v. State,* 14 Okla. Cr. 219, 169 Pac. 1128; *Prather v. State,* 14 Okla. Cr. 327, 170 Pac. 1176; *Crilley v. State,* 15 Okla. Cr. 44, 181 Pac. 316; *Garret v. State,* 15 Okla. Cr. 475, 178 Pac. 269; *Clingan v. State,* 15 Okla. Cr. 483, 178 Pac. 486.

The evidence of the prosecuting witness is positive to the effect that the defendant assaulted him, and there are numerous circumstances from which the jurors were authorized to conclude that such assault was made with a knife as alleged in the information; that the same was committed with intent to do bodily harm; and that there was no justifiable or excusable cause for its commission. While the evidence is conflicting on some of the material elements of the offense, the conflicts were for the jury to determine, and this court would not be authorized to substitute its judgment for that of the exclusive triers of the facts.

Finding no reversible error in the record, it is the opinion of the court that the judgment should be affirmed; and it is so ordered.

DOYLE, P. J., and ARMSTRONG, J., concur.