## LOYCE WILSON v. STATE.

No. A-11046.   Aug. 31, 1949.
(209 P. 2d 512;   212 P. 2d 144.)
On Rehearing Nov. 30, 1949.

Welch, Bounds & Kile, Hugo, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J. This is an appeal from the county court of Choctaw county, Okla., wherein Loyce Wilson, on June 16, 1947, was charged, by information, with the crime of pointing a pistol at another. He was tried on

December 10, 1947, by a jury, convicted of the charge, and sentenced to serve 90 days in the county jail and pay a fine of $50. A new trial having been denied, he appealed from the judgment and sentence by filing in this court on April 13, 1948, a petition in error with case-made attached. No briefs have been filed in this case, and no appearance on behalf of the defendant was made at the time the said cause was set for hearing on May 18, 1949, or at any time subsequent thereto, although the court by its own action granted defendant until July 1, 1949, to file brief.

It has repeatedly been held that where the defendant appeals from a judgment of conviction and neither any brief is filed nor appearance for oral argument made, this court will examine the record and the evidence, and if no error prejudicial to the substantial rights of the defendant is apparent, will affirm the judgment. Whitlow v. State, 85 Okla. Cr. 2, 184 P. 2d 253, and cases therein cited. Moreover, this court will examine the record for jurisdictional and fundamental errors and where no errors appear the judgment will be affirmed.

On motion for new trial, defendant for first time raised the point that the information charged a felony, and that the county court did not have jurisdiction to try him of the charge as set out in the information. A motion in arrest of judgment set out the same grounds, but was by the court overruled. The petition in error charges lack of jurisdiction on the part of the trial court. It is claimed that though the crime charged constituted a misdemeanor, the allegations in the charging part of the information indicated a felony and that, therefore, the county court had no jurisdiction. This jurisdictional question merits comment.

We have carefully examined the record, and while the information is not a model, it is sufficient to support the conviction of pointing a pistol at another. In describing the manner and form of pointing the pistol, it was set out in the charging part:

"That the said defendant then and there being, did then and there wilfully, wrongfully and unlawfully point and discharge a certain weapon at and towards Hubert C. Reaves, Jr., thereby causing said leaden bullets from said gun held in the hands of him, the said Loyce Wilson, to strike and hit the car in which he, the said Hubert C. Reaves, Jr., was then and there driving, without justifiable cause or provocation. * * *"

From the facts recited it is apparent that the county attorney might have charged the defendant with a felony. He could have charged, for instance, assault with a dangerous weapon (Tit. 21 O.S.A. § 645), but the charge was pointing a pistol at another, a misdemeanor (Tit. 21 O.S.A. § 1279), and defendant was tried for the lesser crime, a charge that was within the jurisdiction of the county court, and the penalty assessed by the jury was the minimum penalty that could be assessed. See Tit. 21 O. S. A. § 1280. Just because it is indicated that the county attorney from the recitations of the manner and form of "pointing a pistol at another", and from the evidence at the trial, could have filed a felony charge, affords the defendant no just ground for complaint, it appearing that the action on the part of the county attorney was most beneficial to the defendant. The descriptive label of information was: "Pointing Pistol at Another." See: Curtis v. State, 86 Okla. Cr. 332, 193 P. 2d 309.

The allegation that the "gun" was discharged and that the leaden bullets hit the car in which the prosecut-

ing witness was riding and driving, constituted facts to be proved in support of the charge of pointing a pistol at another. The state would have to prove intentional pointing, Buchanan v. State, 25 Okla. Cr. 198, 219 P. 420, and the act charged happened in the night-time, so proof of the discharge of the pistol by the defendant and the bullets striking the car in which complainant was riding would certainly support the charge. The county attorney acts under a discretion committed to him for public good, and one of his most important functions is to select, out of what the law permits, the charges which he will bring against offenders. They have no power to elect, and above all they cannot object if he overlooks their heavier offendings and prosecutes them simply for the lighter. This has long been the majority rule.

For an excellent discussion of the basic principle involved, see: Bishop New Commentaries on the Criminal Law (8th Ed.) par 812(3) and 812-a. And while we do not discover where a case exactly like the present one as to facts has been before this court, there is a long line of cases where the same principle is involved and that are analogous.

See Wallin v. State, 84 Okla. Cr. 194, 182 P. 2d 788, holding:

"An information, charging defendant with contributing to a minor's delinquency by knowingly and willfully encouraging named female, nine years old, to become a delinquent child, in that defendant willfully, lewdly and lasciviously exposed his privates, with willful and unlawful intent to excite vicious or lewd thoughts in such minor's mind, ws sufficient to charge statutory misdemeanor of encouraging a minor to become a delinquent child, though defendant could have been charged with felony of indecent exposure on same facts. 21 O.S. 1941 § 856, 857, subds. 1-3; 1021, subd. 1."

And see Johnson v. State, 17 Okla. Cr. 558, 190 P. 897; Holz v. State, 62 Okla. Cr. 1, 69 P. 2d 405; and People v. Casias, 73 Colo. 420, 216 P. 513.

In the State of New York, the Court of Special Sessions of New York City has jurisdiction of misdemeanor cases, and the defendant Lefkowitz was prosecuted on a charge of petit larceny, but the facts charged in the information would have supported a charge of grand larceny, a felony charge of which the court of Special Sessions had no jurisdiction. The Supreme Court of New York, Appellate Division, People on Complaint of Kane, v. Lefkowitz, 232 App. Div. 18, 248 N.Y.S. 615, upheld the conviction of the petit larceny charge and of the jurisdiction of the Court of Special Sessions. By permission the case was taken to the Court of Appeals of New York, and the action of the two lower courts was by per curiam opinion confirmed. See: 257 N.Y. 560, 178 N.E. 794.

On the record before us, we have discovered no error which would warrant a reversal of the judgment of conviction, and it appears that the defendant was accorded a fair and impartial trial. The judgment of the county court of Choctaw county, Okla., is accordingly, affirmed.

JONES, P. J., and BRETT, J., concur.

On Rehearing.

Original opinion adhered to. See 89 Okla. Cr. 421, 209 P. 2d 512.

Appeal from District Court, Oklahoma County; A. P. Van Meter, Judge.

Welch, Bounds & Kile, Hugo, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Vester Songer, Co. Atty., Hugo, for the State.

POWELL, J. An opinion was rendered in this case on August 31, 1949, affirming the judgment of the county court of Choctaw county, Okla. In that opinion it was stated that the court did not have benefit of a brief on behalf of the defendant. However, we gave due consideration to the issues raised by the petition in error, and decided the case on its merits. Petition for rehearing was subsequently filed and denied. On November 9, 1949, an order was entered granting defendant permission to file a second petition for rehearing, inasmuch as his attorney was serving in the State Legislature at the time the brief was due herein, and counsel filed an able brief on behalf of the defendant, in support of his petition in error. We have carefully studied the authorities cited in this brief. Nevertheless, we feel that the conclusions reached in our opinion as stated therein are correct.

It is therefore ordered that the judgment and sentence of the county court of Choctaw county be and the same is hereby affirmed, and the clerk is directed to issue mandate immediately.

JONES, P. J., and BRETT, J., concur.