Frederick Lee HOSKINS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12166.

Criminal Court of Appeals of Oklahoma.
July 20, 1955.

Thadd L. Klutts, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Frederick Lee Hoskins, plaintiff in error, hereinafter referred to as defendant, was charged in the court of common pleas of Oklahoma County with the offense of operating a motor vehicle while under the influence of intoxicating liquor, was found guilty of the offense charged, but the jury being unable to agree upon the penalty left that to the court, who fixed the punishment at a fine of $150 and costs taxed at $46.25, and in default of such payment that he be imprisoned in the county jail for a period not exceeding one day for every one dollar of the fine and costs.

On appeal counsel in oral argument and in brief strenuously insists that the case should be reversed, arguing, in order: that "The court erred in failing and refusing to sustain the defendant's motion to suppress the evidence herein for the reason that the officers were engaged in a trespass"; and that "The court erred in failing and refusing to sustain the motion of the defendant for a directed verdict at the close of the State's evidence."

. There can be no question as to the correctness of the propositions of law urged by the defendant, but we discover from a careful reading of the record herein no application of the law that can give comfort to the appellant.

Considering the proposition advanced that the court should have sustained defendant's motion to suppress the evidence, the record discloses that the defendant was arrested by a state highway patrolman, Lyle Baker, at about 11:10 P.M. the night of November 4, 1954 and charged as above stated on the morning of November 5, 1954. The evidence discloses the circumstances of this arrest to be that a citizen of Edmond returning to his home from a football game on the night in question heard a crash of an automobile, and then the motor running, and he telephoned the Edmond police station. Police officers George Griggs and a Mr. Dabney drove to the scene on the outskirts of Edmond at the intersection of North Broadway (a dead-end street) with a State Highway. A 1954 Oldsmobile automobile had skidded across the highway and into a ditch. The policemen got to the scene about 11 P.M. Witness Griggs observed the defendant sitting under the wheel in the car and by the way he was sitting the officer thought he might be hurt, stating that "it was a pretty bad ditch he fell off into." The officers got him out of the car to examine him for possible injuries but in the process discovered the odor of alcohol about his person and found evidence of drunkenness, so they had the defendant get back into his car to keep warm, and the policemen radioed the local highway patrolmen, because the car was just outside the city limits of Edmond. Officers Lyle Baker and J. M. Thaxton arrived at the scene in about ten minutes. Policeman Griggs testified that in the meantime he observed skid marks showing that defendant's car had skidded entirely across the highway. He said that he did not question the defendant.

From the above it is evident that the police officers acted in all things according to law. They had a right to investigate the motor car accident. After discovering that the driver of the car was not hurt they discovered as an incident to the investigation that the driver was intoxicated. They did not see him drive the car, although they did see him intoxicated. But they preferred for the State officers to handle the case.

It is clear that the police officers acted in all things in accordance with law, and their testimony was clearly admissible.

Patrolman Lyle Baker testified that when he arrived at the scene he observed the Oldsmobile in the ditch and the defendant sitting in it. That from the skid marks on the pavement, the car had been travelling north on Broadway, in Edmond. That there was a stop sign at the point where Broadway intersects the county road, and that defendant's car had skidded entirely across the intersection into the ditch. That the skidding commenced about ten feet before the stop sign.

Witness said that when he first arrived that he walked up to the car to talk to the occupant. Said he: "So I asked the fellow if he would step out; that I would like to

speak to him. When he opened the door to step out, a pint bottle of whiskey, approximately one-fourth full fell out of the floor board on to the ground." Witness was asked: "Then what did you do, sir? A. I went ahead and questioned him, if he owned the car and if he was the driver, if he drove the car there. I also asked the subject if anyone was with him, or was he by himself. He stated he was by himself."

Witness further testified that he noticed defendant's condition and witness said: "Well, I consider drunk driving a violation of the rules of the road, yes sir."

The patrolman had for consideration whether or not he would arrest the defendant without a warrant for a misdemeanor committed in his presence, to wit: Drunkenness in a public place, Tit. 37 O.S. 1951 § 8, or some other charge. He took defendant into custody. The record discloses that the present charge was approved by an assistant county attorney the next day, and a warrant issued.

■ At this point it should be made clear that officer Baker had no authority to arrest the defendant at the scene of the car accident on the night in question for a past misdemeanor not committed in his presence, Lyons v. Worley, 152 Okl. 57, 4 P.2d 3, and cases cited; Graham v. State, 31 Okl.Cr. 125, 237 P. 462; Tit. 22 O.S. 1951 § 196, even though an arrest might have been made for drunkenness in a public place. But the fact that officer Baker apparently arrested the defendant on the charge of drunk driving rather than merely drunkenness does not brand as inadmissible the evidence obtained at the scene of the accident, for the simple reason that it was within the province of the duties of both the Edmond policemen and the State Highway patrolmen to investigate motor vehicle accidents in public places. Having a right to be where they were, any evidence discovered was admissible. Finley v. State, 91 Okl.Cr. 137, 217 P.2d 189.

It should be kept in mind that the county attorney decides what cases to file or not to file. In Wilson v. State, 89 Okl.Cr. 421, 209 P.2d 512, 514, 212 P.2d 144, we said: "The county attorney acts under a discretion committed to him for public good, and one of his most important functions is to select, out of what the law permits, the charges which he will bring against offenders." See cases cited.

A warrant for defendant's arrest on the charge here involved was not issued until complaint was approved and filed on the morning of November 5, 1954. If there was a question concerning the validity of the arrest made on the night of November 4, 1954, it should have been raised at the first opportunity, but here defendant failed. On being brought into court he entered his plea of not guilty and was released on bond. No motion to quash the information or otherwise attacking the validity of the arrest was made. It was later and on November 30, 1954 that the defendant filed his motion to suppress the evidence.

■ This court is committed to the rule that where a defendant pleads to the merits of a criminal action he waives all objections to the legality of his arrest. See in this connection McGilvery v. State, 50 Okl. Cr. 376, 298 P. 312; and Keeler v. State, 24 Okl.Cr. 206, 217 P. 228.

In the recent case of Sanders v. State, Okl.Cr., 287 P.2d 458, involving driving while under the influence of intoxicating liquor, the fact of intoxication was discovered not by an unlawful search in the strict sense, but by an unlawful invasion of defendant's home. We condemned the action of the officers, but timely objection to the evidence there found and clearly inadmissible was not made. The conviction was therefore upheld.

In the within case, no search is involved, and unlike in the Sanders case, the officers were at a place where they had a right to be when they obtained the evidence now questioned. Finley v. State, supra; Bullington v. State, 38 Okl.Cr. 214, 259 P. 876; Jones v. State, 95 Okl.Cr. 323, 245 P.2d 756; Pauley v. State, Okl.Cr., 275 P.2d 331. The court did not err in overruling the motion to suppress.

On the trial the state introduced further evidence of defendant's intoxication, and of his admission to being the driver of the car in question. The defendant did not testify, and offered no evidence.

The judgment appealed from is affirmed.

JONES, P. J., and BRETT, J., concur.