Troy T. HASTINGS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12493.

Criminal Court of Appeals of Oklahoma.

Oct. 23, 1957.

Mallie Jo. Tittle, Mangum, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Troy T. Hastings, hereinafter referred to as defendant, was convicted in the district court of Harmon County of Grand Larceny and sentenced to serve one year in the State Penitentiary at McAlester. This was near the minimum sentence. 21 O.S.1951 § 1705.

The pertinent portion of the information reads:

"* * * on the 14th day of January in the year of our Lord 1956, commit the crime of 'Grand Larceny' in manner and form as follows: That Troy T. Hastings in the county and state aforesaid on the day and year aforesaid, did, knowingly, wilfully, unlawfully, wrongfully, fraudulently, stealthily and feloniously, without the knowledge or consent and against the will of Harmon Electric Association, Inc., take, steal and carry away to-wit: No. 4 weather proof copper wire 33½ lbs., and the value of $21.42; also No. 8 a copper weld wire 20 lbs. and the value of $9.60, the total being $31.14, with the unlawful, felonious and fraudulent intent then and there on the part of him the said Troy T. Hastings to deprive the said Harmon Electric Association, Inc., a corporation duly licensed to do business in Oklahoma, of said property and to convert the same to the use and benefit of him, the said Troy T. Hastings, contrary to the form of statutes in such cases made and provided, and against the peace and dignity of the State."

284

A brief was due to be filed herein by defendant in June, 1957, but no brief has been filed, and no one appeared for defendant when the case was set down for oral argument.

In Fitzgerald v. State, 77 Okl.Cr. 409, 142 P.2d 131, 132, we said:

"Where the defendant appeals from a judgment of conviction, and no briefs are filed nor argument presented, this court will examine the evidence to ascertain if it supports the verdict, and examine the pleadings, instructions of the court, and the judgment; and if no material error is apparent, the judgment will be affirmed."

See also Wilson v. State, 89 Okl.Cr. 421, 209 P.2d 512, 212 P.2d 144; Lavender v. State, 95 Okl.Cr. 424, 247 P.2d 539; and Pierce v. State, 97 Okl.Cr. 402, 265 P.2d 737.

We have carefully read the petition in error and the entire record. The State presented an eye witness to the theft charged, which took place at night in the rear of the building occupied by the Harmon Electric Association, Inc., at Hollis, Oklahoma, commonly known as the R.E.A. Across the alley south of and to the rear of the R.E.A. the Association was in the habit of storing wire and supplies on an unfenced lot under control of the Association. A few minutes after a Mr. Kirchoff saw the defendant taking the wire, and after he reported the matter to the officers, a radio broadcast was made and a state highway patrolman apprehended and arrested the defendant, and the wire in question was found in the turtle back of his motor vehicle.

Defendant on arrest claimed that he had purchased the wire and some radiators and "stuff" as he termed the articles shown to have been in the back of his automobile over in Texas "at some town just across the line."

On trial defendant claimed to have been at a place of business on west Broadway, Altus, on the morning of January 14, 1956 when a man drove up and wanted to purchase a tire from the business man defendant was visiting, but wanted to trade some junk for the tire. His friend would not trade with the man, but defendant finally made a deal for the wire, the subject of the charge filed against him. He said that he drove from Altus to Hollis after dark, and on the way had trouble with his lights, and on reaching Hollis drove down an alley in the middle of the block and there lifted his turtle back to look for a fuse that was in his tool box, and in doing so he had to remove the wire that he had purchased, and placed it on the ground in the alley, and that later he reloaded the wire, and some one stopped a car in the alley to his rear and had the headlights on him and later some one followed him down a street and could have taken down the number of his California tag that was radioed to the highway patrolmen. Defendant could not remember the name of the man from whom he purchased the wire, and at the time of the trial the "business man" in Altus where defendant met the man in question, had departed for parts unknown, and he could not get him as a witness.

Defendant admitted having served in the Federal reformatory on a conviction for transporting a stolen motor vehicle over state lines; having served twice in Oklahoma penitentiaries, once in the New Mexico penitentiary, and once in Arkansas. Such evidence, of course, could be received in evidence by the jury in considering the weight it might give the testimony of defendant. The court so instructed the jury.

The defendant was indeed fortunate that the jury did not assess a much greater punishment. Probably the carelessness of the Harmon Electric Association, Inc., in leaving valuable public property on an unfenced lot where it could be easily transported away by one person, and where it would be a compelling temptation to any habitual thief that might happen by, tempered the judgment that the overwhelming evidence compelled the jury to render.

The State at its expense furnished counsel for the defendant and paid for the rec-

ord on appeal. Defendant had a fair and impartial trial, and we find no reversible error.

The judgment is affirmed.

BRETT, P. J., and NIX, J., concur.