**Application of Ervin H. SCEARCE for Writ of Habeas Corpus.**

**No. A–12703.**

Criminal Court of Appeals of Oklahoma.
March 11, 1959.

Ervin H. Scearce, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, Judge.

 This is an original proceeding in habeas corpus brought by Ervin H. Scearce,.

petitioner, pro se, wherein he alleges he is being unlawfully restrained of his liberty by Hon. H. C. McLeod, Warden of the Oklahoma State Penitentiary, McAlester, Oklahoma. He alleges the cause of said restraint is a judgment and sentence of the District Court of Oklahoma County, Oklahoma, upon a conviction of the charge of burglary in the second degree, after former conviction of a felony. He alleges the judgment and sentence to be invalid for the reason it violates state and federal statutes and the state and federal constitutions in that he was deprived by means of "complicated and prolonged litigation" of a preliminary hearing; and that while the offense charged was burglary in the second degree, the evidence disclosed the offense committed was burglary in the first degree, and petitioner was thereby "deprived of due process of law upon being charged with a lesser offense," a most novel contention. Such a situation would be most beneficial to the defendant and of which he could not lawfully complain. Wilson v. State, 89 Okl.Cr. 421, 209 P.2d 512, 212 P.2d 144; Allen v. Burford, 90 Okl.Cr. 302, 214 P.2d 455. Furthermore, this second contention may not now be considered for the reason the sufficiency of the information was fully considered and ruled on adversely to the petitioner on appeal. Scearce v. State, Okl.Cr., 326 P.2d 1065.

As to petitioner's complaint he was denied a preliminary hearing, the record discloses that on July 25, 1956, petitioner was present in Justice Court, was arraigned, pled not guilty, commitment was issued and bond set. On August 24, 1956, petitioner appeared in Justice Court personally and by counsel, waived preliminary hearing, and was bound over to the District Court on a charge of burglary in the second degree after former conviction of a felony. On August 30, 1956, an information was filed in the District Court of Oklahoma County, Oklahoma, whereby petitioner was charged with the crime of burglary in the second degree. Arraignment thereon was had on August 31, at which time petitioner waived reading of the information and entered his plea of not guilty. On December 5, 1956, trial date, petitioner being present and by counsel, he entered his plea of guilty to the charge of burglary in the second degree, sentence date being deferred. On January 4, 1957, sentence date, petitioner withdrew his plea of guilty and entered a plea of not guilty to the charge. At that time his counsel filed an application to withdraw as attorneys of record, which was granted on the same day. On January 16, 1957, petitioner, by his new counsel, filed a motion to remand case for preliminary hearing. On January 18, 1957, petitioner came on for arraignment in the District Court, waived reading of the information, and entered his plea of not guilty. On March 12, 1957, petitioner was granted leave to withdraw his plea of not guilty and entered a plea of guilty to the charge of burglary in the second degree. On March 22, 1957, petitioner was permitted to withdraw his plea of guilty and enter a plea of not guilty to the charge. On April 8, 1957, the state was granted permission to file an amended information charging burglary in the second degree after former conviction of a felony, the same charge on which he was originally arraigned in Justice Court, which second amended information was filed on April 19, 1957, and to which petitioner demurred. Demurrer was overruled, exception allowed, and petitioner granted leave to reenter his plea of not guilty. On June 3, 1957, the case came on for trial.

From the foregoing recitation of facts, it should be noted that the charge on which petitioner was arraigned in Justice Court was the charge of which he was convicted, burglary in the second degree after former conviction of a felony. He appeared in person and by counsel, waived preliminary hearing, and entered his plea of not guilty. It has long been the rule that where an accused waives preliminary examination and the charge in the complaint is substantially the same as that in the information, a plea of want of preliminary examination is unavailable.

Wines v. State, 7 Okl.Cr. 450, 124 P. 466; Sayers v. State, 10 Okl.Cr. 195, 135 P. 944. Alleged dereliction of counsel in this regard will not be considered on habeas corpus. Ex parte Holder, 94 Okl.Cr. 270, 234 P.2d 958.

■ It appearing that petitioner effectively waived his right to a preliminary examination, and that the trial court had jurisdiction of the person, jursdiction of the subject matter, and authority under the law to pronounce judgment and sentence, the writ of habeas corpus is accordingly denied.

POWELL, P. J., and NIX, J., concur.