**Jackie JONES, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

**No. A–12634.**

Court of Criminal Appeals of Oklahoma.

June 10, 1959.

State penitentiary not exceeding five years, or in a county jail not exceeding one year, or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment."

Defendant was tried before a jury, convicted and his punishment fixed at twelve months imprisonment in the county jail.

For reversal counsel says:

"The question involved in the case consists of only one question, which is:

"1. Where the information appears to charge assault with intent to commit a felony and the proof on the part of the state showed the commission of a greater crime of an attempt to commit rape under Title 21 OSA Section 42, or some lesser grade of assault and battery, does that constitute a fatal variance between the allegations and the proof and should not the Court, upon receiving evidence, advise the jury to acquit the defendant on the ground of a variance and direct the prosecution to be commenced for a higher grade of offense. Further, where the information merely charges a certain grade of assault there may not be a conviction of that grade of assault and battery or of any lesser grade of assault and battery because a charge of assault does not necessarily include a battery also."

As pointed out by the Attorney General, the "question counsel for plaintiff in error now seeks to present to this court was not presented at trial, was not argued, was not set forth in motion for new trial or in petition in error." For such reason it does not deserve consideration. Nowlin v. State, 65 Okl.Cr. 165, 83 P.2d 601; State v. Gray, 71 Okl.Cr. 309, 111 P.2d 514; Tuggle v. State, 73 Okl.Cr. 208, 119 P.2d 857.

Nevertheless, we have studied the information and it properly charges the crime set out in section 681 of Title 21 O.S.1951, hereinbefore quoted. No demurrer was interposed to it. Under the statute cited, it was necessary for the State

Ralph A. Myers, Jr., El Reno, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

Jackie Jones, hereinafter referred to as defendant, was charged by information in the district court of Canadian County with the crime of assault with intent to commit a felony, under the provisions of 21 O.S. 1951 § 681, reading:

"Every person who is guilty of an assault with intent to commit any felony, except an assault with intent to kill, the punishment for which assault is not otherwise prescribed in this code, is punishable by imprisonment in the

to prove not only an assault, but that defendant intended to commit a felony. Evidence to such effect was introduced, to wit: that defendant's intent was to have sexual intercourse with the prosecuting witness. The court gave proper instructions to the jury. They were not excepted to and no other instructions offered.

We have often held that the county attorney acts under a discretion committed him for the public good, and that one of his most important functions is to select, out of what the law permits, the charge which he will bring against offenders. Wilson v. State, 89 Okl.Cr. 421, 209 P.2d 512, 212 P.2d 144. The fact that the county attorney did not file a charge of attempt to rape, under 21 O.S.A. § 42 is in favor of the defendant, and for such reason he may not complain.

There is a matter not complained of that has caused us some thought. The prosecuting witness admitted that in a hearing where Bob Freels was charged in the district court of Canadian County with rape (see Freels v. State, Okl.Cr., 320 P.2d 731) that she did not say in that hearing that Jackie Jones touched her private parts. There she said that she hit defendant and that he did not try anything after that. She said that in the first hearing: "It was a little embarrassing then, and still is, but I'm getting a little more used to it now". She further admitted that in the first hearing she said defendant lifted her skirt and "that's all the further he went", but she insisted in the present trial that defendant actually got his hand on her privates, but then on her begging him, he desisted and his companions told him to get out of the car that he had had enough time, and that they dragged him out. We must take judicial knowledge that in the Freels case, supra, Jackie Jones' companions after they had pulled him out of the car proceeded to take off the panties of the prosecuting witness, and her other clothing, and raped her. There is no evidence that defendant ever got his hand in the panties of witness. Defendant was but sixteen years of age, the prosecuting witness was twelve, but according to the record, and undenied, she had told defendant that she was fifteen.

Taking into consideration the age of the defendant at the time, and the fact that he desisted in carrying out his apparent intentions when he could not get the prosecuting witness to agree, and in view of the fact that of the conflict in the testimony of the prosecutrix as to whether defendant ever actually placed his hand on her privates, though he was pawing over her and attempting to get her to have intercourse with him, we think justice would be subserved by reducing the jail sentence from twelve months, to six months. This will be ample time for defendant to think over his mistakes, and may serve to redeem him from a path that would ruin his life.

The judgment as so modified is affirmed.

NIX and BRETT, JJ., concur.