Lawrence Ashburry CUNNINGHAM, Petitioner,

v.

The STATE of Oklahoma, and Ray H. Page, Warden, Oklahoma State Penitentiary, Respondents.

No. A-13582.

Court of Criminal Appeals of Oklahoma.

Oct. 28, 1964.

Lawrence Ashburry Cunningham, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BUSSEY, Judge.

This is an original proceeding instituted by Lawrence Ashburry Cunningham, seeking his release from confinement in the State Penitentiary at McAlester, Oklahoma where he is currently being confined under and by authority of a Judgment and Sentence rendered against him in the District Court of Okmulgee County Case No. 4828, wherein he was charged with Burglary Second Degree After Former Conviction of Felony, tried by a jury, who found him guilty of Attempted Burglary Second Degree After Former Convictions, and the jury being unable to assess the punishment, left the same to be fixed by the court.

On the 17th day of April, 1964 the Judgment and Sentence was pronounced against the petitioner and his punishment fixed at Four and One-half Years in the State Penitentiary at McAlester, Oklahoma.

■ It is petitioner's principal contention that he is being unlawfully deprived of his liberty by reason of the trial courts error in assessing his punishment at Four and One-half Years for the crime of attempted burglary second degree after former conviction. Petitioner asserts that an attempt to commit burglary after former conviction of felony is only a misdemeanor and that the sentence of Four and One-half Years is excessive and without authority of law.

In its response, the State demurs to the petition filed herein for the reason that the same does not state a cause of action and that the allegations of same are wholly insufficient to support the prayer for relief of same.

The petitioner's unsupported assertion that an attempt to commit the crime of burglary second degree after former conviction of felony, is not a felony, is wholly without merit. The former convictions alleged in the information include: (1) Second Degree Forgery—Fourteen Months, O.S.P., (2) Second Degree Burglary—One Year, O.S.P., (3) Second Degree Burglary—Three Years, O.S.P., (4) Second Degree Burglary—Three Years, O.S.P., (5) Second Degree Forgery—Ten Years, O.S.P.

Our Attempt Statute, Title 21 O.S. § 42 provides:

"Every person who attempts to commit any crime, and in such attempt does any act toward the commission of such crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempt, as follows:

"1. If the offense so attempted be punishable by imprisonment in the penitentiary for four years or more, * * * the person guilty of such attempt is punishable by imprisonment in the penitentiary, * * * for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction for the offense so attempted. * * *"

It can thus be seen that the attempt to commit Burglary After the Former Conviction of Felony (the felonies set forth in the information) is a felony, and could have been punished by a greater punishment than that imposed in the instant case by the trial court.

■ Upon examination of the record before us and it appearing that the trial court had jurisdiction of the subject matter, of the person of petitioner and authority under law to pronounce Judgment and Sentence, and in accordance with; In re Scearce, Okl.Cr., 336 P.2d 1110 and In re Smith, Okl.Cr., 339 P.2d 796, the Writ prayed for is hereby denied.

Writ denied.

JOHNSON, P. J., and NIX, J., concur.