**Jack Austin YORK, Petitioner-Appellant,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, and the State of Oklahoma, Respondents-Appellees.**

**No. 159–70.**

United States Court of Appeals, Tenth Circuit.

Oct. 29, 1970.

---

George M. Straw, for appellant.

H. L. McConnell, Asst. Atty. Gen. (G. T. Blankenship, Atty. Gen. of Okl., on the brief), for appellees.

Before BREITENSTEIN and SETH, Circuit Judges, and TEMPLAR, District Judge.

BREITENSTEIN, Circuit Judge.

The district court denied habeas corpus relief to petitioner-appellant York, a prisoner in the Oklahoma penitentiary, who was found guilty in state court of first degree manslaughter and whose conviction was affirmed by the Oklahoma Court of Criminal Appeals. See York v. State, Okl.Cr., 449 P.2d 927. The appellant asserts that his due process rights under the Fourteenth Amendment were violated by an unforeseeable and inconsistent construction of an Oklahoma criminal statute.

At a sordid party, the details of which are best omitted, appellant, a previously convicted felon, had a pistol concealed on his person. The record establishes that the appellant was in a bathroom with the deceased, pointed a pistol at him, and snapped it several times before the fatal shot. The prisoner admitted snapping the pistol but testified that he did not know that the gun was loaded and that in any event the firing of the fatal shot was accidental.

The Oklahoma statutes provide, 21 O.S.1961, § 711, that homicide is manslaughter in the first degree "[w]hen perpetrated without a design to effect death by a person while engaged in the commission of a misdemeanor." Section 1279 provides that: "It shall be unlawful for any person to point any pistol or any other deadly weapon whether loaded or not, at any other person or persons either in anger or otherwise." Oklahoma has held that under § 1279 pointing must be intentional. See Buchanan v. State, 25 Okl.Cr. 198, 219 P. 420, 423; Wilson v. State, 89 Okl.Cr. 421, 209 P.2d 512, 514, 212 P.2d 144; Parker v. State, Okl.Cr., 273 P.2d 778, 782; and Glenn v. State, Okl.Cr., 333 P.2d 597, 601, cert. denied 359 U.S. 1014, 79 S.Ct. 1155, 3 L.Ed.2d 1039.

The appellant argues that the omission of the word "intentionally," in that portion of the instructions referring to the Oklahoma statute declaring it a misdemeanor to point a gun at an individual, is an unforeseeable judicial enlargement of a criminal statute and, when applied retroactively, violates his federal constitutional right to due process. In Bouie v. City of Columbia, 378 U.S. 347, 84 S. Ct. 1697, 12 L.Ed.2d 894, the Supreme Court held that defendants were deprived of due process when a state court gave retroactive application to a new construction of a statute. That case involved sit-in demonstrators at a restaurant. The statute prohibited entry upon the lands of another after a warning notice. The state court expanded the statute to cover failure to leave after notice. We have no such situation in the case at bar.

In its opinion affirming the conviction, the Oklahoma Court of Criminal Appeals did not expand § 1279 to cover an unintentional pointing of the pistol. It noted the claim that the firing of the fatal shot was accidental and therefore excusable and pointed out the instruction of the trial court relating to excusable homicide. In that instruction specific reference was made to accident and misfortune. Other instructions covered intent generally. Neither the instructions of the trial court nor the decision of the appellate court made criminal an act previously innocent. We find no state decisional inconsistency, no expansion of the statute, and no violation of due process.

Affirmed.