## ED McLAUGHLIN v. STATE.

No. 335.   Opinion Filed May 3, 1909.

(102 Pac. 713.)

1.   **INDICTMENT AND INFORMATION—Election Between Counts.** When an information charges more than one offense, the prosecutor may, upon motion of the accused, be compelled to elect on which charge he will proceed; and, if the fact that two or more offenses are contained in such information be not discovered until the trial is in progress, the prosecution should then be abandoned, except as to the one offense which the prosecutor elects to proceed upon.

2.   **SAME—Amendment—Continuance.** An information may be amended in matter of substance, or form, at any time before the defendant pleads, without leave of court, and may be amended after plea on order of the court, where the same can be done without material prejudice to the rights of the defendant. No amendment shall cause any delay of the trial, unless for good cause shown by affidavit; and it is not error for the trial court to require the trial to proceed unless the defendant, by affidavit duly filed, shows good cause for delay.

3.   **SAME—Cure of Irregularities—Information After Warrant.** When the accused is arrested in a misdemeanor case on a warrant based upon an affidavit filed with a justice of the peace, charging a public offense, and no information is filed in the county court upon such affidavit, and the accused files a demurrer, based upon the insufficiency of the affidavit to constitute a proper prosecution, it is proper, after such demurrer is sustained, for

the county attorney to use such affidavit upon which to predicate an information embodying the offense charged in the affidavit; and, the accused being in court, the prosecution may proceed without another warrant being issued upon the information.

(Syllabus by the Court.)

*Error from Coal County Court; R. H. Wells, Judge.*

Ed. McLaughlin was convicted of an unlawful sale of whisky, and appeals. Affirmed.

The prosecution in this case was commenced against the plaintiff in error, who will be designated hereinafter as the accused, by filing before J. M. Wilson, a justice of the peace of district 9, Coal county, Okla., an affidavit sworn to by Lewis W. Collier, which states, in substance, that on the 14th day of January, A. D. 1908, in the town of Coalgate, in Coal county, Okla., the accused committed the offense of selling and furnishing intoxicating liquor, to wit, whisky, to James Washington, contrary to the statute in such cases made and provided, and against the peace and dignity of the state of Oklahoma. Upon this affidavit the following indorsement appears:

"I, Jas. R. Wood, county attorney of Coal county, state of Oklahoma, do hereby certify that I have examined into the facts of the within styled case, and I recommend that a warrant issue for the arrest of the defendant. Dated January 14, 1908. Jas. R. Wood, County Attorney, Coal County, Oklahoma."

Upon said complaint a warrant in due form of law was issued by the county judge of said county for the arrest of the accused, and he was brought into said court, and gave bond for his appearance in said court on the 23d day of January, 1908. On the 23d day of January the accused filed a demurrer, attacking the sufficiency of said complaint, which demurrer was sustained. Thereupon, on the 23d day of January, 1908, the county attorney filed an information in said court, charging, that upon information brought to his notice by the affidavit of L. W. Collier, on the 14th day of January, 1908, in the town of Coalgate, in the county of Coal, in the state of Oklahoma, the accused

committed the offense of selling and furnishing intoxicating liquors to wit, whisky, to one James Washington, contrary to the form of the statutes, etc. Afterwards, on the 28th day of January, 1908, an amended information was filed, which was verified by the county attorney, making the same charge against the accused in slightly different language. The accused moved for his discharge for the reason that the complaint against him was dismissed on demurrer, and that since such dismissal he has not been arrested. On the same day, March 10, 1908, the accused filed a demurrer to the information, for the reason that the information was filed after demurrer was sustained to the complaint on which this cause was originally brought. Said motion and demurrer were both overruled, and accused saved exceptions to such ruling.

This case was tried, and resulted in a verdict of guilty, and the accused moved for a new trial, alleging: First. "The verdict is contrary to the law." Second. "The verdict of the jury is contrary to the evidence." Third. "The court has no jurisdiction of the person of the defendant, for the reason that he has not been arrested upon the information filed herein." Fourth. The fourth ground of the motion, in substance. states that the jury received evidence outside of court, coming from the members of the jury, stating to the other jurymen upon retiring to consider of their verdict, that said jurors were acquainted with the accused, and knew that he was selling whisky at Coalgate, independent of the sale charged in the information, and that therefore the verdict was not a fair expression of the opinion of the jury as to the guilt of the accused; that the verdict was based upon other matter; that the jury based their verdict on what they claimed to be other offenses, and upon the erroneous idea that it would not do to set the precedent of acquitting him, but that in fact the jury did not believe he was guilty of the crime for which he was tried. Fifth. That the information is not based upon a legal affidavit; that the information tends to charge two offenses. Sixth. That the court erred in instructing the jury as follows:

"You are instructed, if you believe from the evidence beyond a reasonable doubt that the defendant did, on or about the 14th day of January, 1908, prior to the filing of this information, and since the 16th day of November, 1907, at 10 o'clock a. m. sell and furnish whisky, as charged in the information, you will find the defendant guilty and assess his punishment at a fine of not less than $50 nor more than $500, and imprisonment in the county jail of Coal county, Okla., not less than 30 days nor more than one year."

Seventh. The court erred in overruling the motion to discharge the defendant. Eighth. The court erred in overruling defendant's demurrer to the information. Ninth. The court erred in overruling the objection of the defendant to the introduction of any evidence on the information. Tenth. The jury disregarded the instructions of the court. The accused also filed his motion in arrest of judgment, setting up, in substance, the various matters contained in the motion for new trial, and reciting the various steps taken by the court in this case. The motion in arrest of judgment was overruled, to which the accused duly excepted. Judgment was entered upon the verdict, sentencing the accused to pay a fine of $50 and costs, and to serve a period of 30 days in jail, to which the accused excepted. The accused being advised as to his right of appeal, bond was fixed, and accused given 40 days to prepare and serve case-made. This appeal is prosecuted to reverse said judgment and sentence.

*Ralls Bros.,* for plaintiff in error.

*Fred S. Caldwell,* for the State.—

On waiver of irregularities by appearance: 12 Cyc. 228.

On question of duplicity in information: 22 Cyc. 379; McClain on Criminal Law, § 1275; *State v. Schweiter,* 27 Kan. 499; *State v. Kerr,* 3 N. D. 523; *Com. v. Igo,* 158 Mass. 199; *State v. Stanley,* 84 Me. 55; *People v. Wade,* 101 Mich. 89.

BAKER, JUDGE. (after stating the facts as above). The accused relies on the following assignments of error:

"(1) The court erred in overruling the motion to discharge; (2) the court erred in overruling the demurrer to the

information; (3) the court erred in overruling the motion in arrest of judgment; (4) the court erred in overruling the motion for a new trial; (5) the court erred in overruling the objection of the accused to the introduction of any evidence in support of the information."

The first three assignments of error raise the question. as to whether or not the accused was properly before the court below, and whether or not the information charges the commission of a public offense or crime, and, if an offense is charged, whether or not more than one offense is charged in the information. The accused contends that sustaining the demurrer to the affidavit or complaint nullified and destroyed it, and that it could not be made the basis for new information; that a new, or other affidavit, charging him with the commission of a specific crime before an information could lawfully be filed, and the fact that an information was filed after the demurrer was sustained, did not have the force of continuing the jurisdiction of the court over the person of the accused. The learned counsel for the accused failed to cite any authorities to support this contention. The court undoubtedly sustained the demurrer for one or more of the reasons stated in the demurrer, which are:. (a) That the affidavit or complaint is not sufficient in law to charge the accused with any offense; (b) that it was not signed by the county attorney; and does not purport to be an information filed by the county attorney; (c) because there is no law authorizing the prosecution against the accused without indictment; (d) because there is no law authorizing the court below to proceed or prosecute any cause until the Legislature provides a procedure for the same; (e) because there is no act of the Legislature providing for the enforcement of the offense attempted to be charged in the complaint. The court could well, and no doubt did, sustain the demurrer for reasons stated in the first and second grounds of the demurrer, because there was no authority of law authorizing prosecutions of the character set forth in the affidavit, without information being filed by the county attorney, as required by law. We think, therefore, the trial court was right in sustaining the demurrer.

The sustaining of the demurrer, however, did not destroy the affidavit of L. W. Collier, which was, in all respects, a sufficient complaint under oath, and complies with section 5306, Wilson's Rev. & Ann. St. 1903, of this state. The affidavit in question is specific, and properly charges a public offense, not upon information and belief, but affiant positively and unequivocally swears that the accused is guilty of such offense. Upon this affidavit the county attorney predicates the first information, which was filed after the demurrer was sustained to the affidavit for the reasons above stated, and the affidavit in question is filed with the information, and is made a part thereof. The county attorney had the right, under section 5307, Wilson's Rev. & Ann. St. 1903, of this state, to amend the information at any time before the defendant pleads, without leave of court and could amend same after plea, on order of the court, when the same can be done without material prejudice to the rights of the accused; and no amendment shall cause any delay of the trial, unless for good cause shown by affidavit. This question was decided by this court in *Howard v. State, ante,* p. 200, 101 Pac. 131, and *Markinson v. State, ante,* p. 323, 101 Pac. 353. The information, being based upon an affidavit properly sworn to, and charging the commission of a public offense, gave the county court jurisdiction over the accused without again placing him under arrest. This court in *Ex parte McNaught,* 1 Okla. Cr. 528, 99 Pac. 241, held, that the provisions of the Constitution of this state respecting prosecution by information were self-enacting, and therefore legislation vitalizing such provisions was unnecessary.

The accused also contends that he has been improperly convicted, because the information "tends to charge" two offenses, by charging that he committed the crime of "selling and furnishing intoxicating liquors." This court does not agree with the contention of counsel for the accused that the information in the case at bar charges two offenses. On the contrary, we are clearly of the opinion that the indictment charges but one offense. Section 1, art. 3, of the Billups Law (Laws 1908, p. 603, c. 69), pro-

vides that it shall be unlawful for any person, individual or corporate, to manufacture, sell, barter, give away, or otherwise furnish, intoxicating liquors, etc.   The manufacture, sale, barter, giving away, and otherwise furnishing such liquors is but one offense, which can be committed in the various ways set out in the statute—that is to say, by manufacturing, selling, bartering, giving away, or otherwise furnishing intoxicating liquors—and can be alternatively charged, and the indictment or information would not be bad for duplicity.   If, however, the pleader seeks to charge the offense of unlawfully furnishing intoxicating liquors, the manner and means incident to the furnishing must be alleged in the indictment or information with such particularity as to fully and properly advise the accused as to the exact offense he is called upon to defend.   If, however, an information or indictment charges two or more offenses in one count, and the accused sought to take advantage thereof on account of duplicity, it would be necessary for him to take steps to require the prosecutor to elect upon which charge of the offense he would rely for a conviction, and thereupon, by operation of law, the offenses other than the one upon which the prosecution elected to proceed would be abandoned.   In misdemeanor cases it is too late to interpose an objection to an indictment or information for duplicity after verdict.

The above stated doctrine is well settled; many well-considered cases holding that it applies also to charges of felony.   In *Fisher v. State,* 33 Tex. 792, it is held:

"The true rule is that, when two or more felonies are charged in the same indictment, the indictment may be quashed, or the prosecutor be compelled to elect upon which charge he will proceed; and, if the fact that two or more offenses are contained in the indictment be not discovered until the trial is in progress, the prosecution should then be abandoned, except as to the offense which the prosecutor elects to proceed upon."

Numerous cases sustain the doctrine announced in the Fisher Case, and it appears to us as reasonable and sound, especially, if

the record fail to show that the substantial rights of the accused have not been prejudiced by such duplicity.

The accused also alleges in his motion for a new trial that the jury was influenced in arriving at its verdict by evidence outside of court, and upon evidence not submitted to the jury in open court at the trial thereof, to wit, by statements made by members of the jury in relation to other sales of intoxicating liquor made by the accused, to which said jurors claimed to have personal knowledge, and that therefore the verdict was obtained by improper means. In support of this ground of the motion the affidavit of M. B. Hickman, one of the jurors, is filed and made a part of the record in this case. The record also discloses that the affidavits of J. C. Blevins and Arch Forgery, two other members of the jury in this case, are also filed in the record, and they each deny the statements contained in the affidavits of the juror Hickman. Without referring to the competency of the affidavit of the juror Hickman, which seeks to impeach the verdict in which he participated as a juror, and passing upon the weight of the testimony for and against this ground of the motion we find that said ground is not supported by the evidence, and therefore said assignment of error must fail for want of proof to sustain it. We fail to find from the record of the case at bar wherein the rights of the accused have in any way been violated or prejudiced. Hence the trial court did not err in overruling the motion to discharge the accused, the demurrer, and the motion in arrest of judgment.

The accused says that the trial court erred in convicting him in this case because he was drunk, and did not know what he was doing, and hence not capable of committing a crime. This defense was urged in the trial court, and the evidence on both sides submitted to an impartial jury, who determined the issue against the accused, and this court will not disturb the verdict, because we think it is fully sustained by the evidence. This court has little sympathy with defenses which require proof of the commission of another offense to shield the accused from punishment.

Having carefully considered all the questions raised by the brief of the accused, and finding no reversible error, the judgment and sentence of the county court of Coal county is affirmed, and it ordered that a mandate issue from this court to the proper officers of said county, directing that said judgment and sentence be executed without unnecessary delay.

FURMAN, Presiding Judge, and DOYLE, Judge, concur.