## ERNEST E. HILE v. STATE.

No. A.-8407. Oct. 27, 1932.
(15 Pac. [2d] 1049.)

138

Meacham, Meacham & Meacham, for plaintiff in error.

J. Berry King, Atty. Gen., and Gus Rinehart, for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Custer county of rape in the second degree, and his punishment fixed at imprisonment in the state penitentiary for a term of 12 years.

The prosecutrix is a stepdaughter of defendant and at the time charged was 17 years of age.  The conviction in the main rests on her testimony, though there is corroboration by her mother, the wife of defendant, called as a witness by defendant and by a physician who examined prosecutrix.  Defendant is a war veteran, and since his discharge had been confined in different hospitals for the insane.  Prior to this trial, a jury was impaneled, and a trial on the question of defendant's sanity had, which jury found defendant sane.  The defense here is a

denial of guilt, coupled with a plea of insanity. Defendant testified in his own behalf, and an inspection of his testimony convinces us the jury did not err in finding him sane.

The first contention made is that the court erred in excluding the opinion of two witnesses as to defendant's sanity. This was excluded, for the reason there was not a sufficient showing of observation or knowledge of the witness upon which to base an opinion. One witness stated in substance that about the time charged he lived near defendant and observed and talked with him frequently, and from this formed an opinion "to some degree," and that he observed him "in part." He was then asked his opinion as to defendant's sanity, and he stated he believed him unbalanced, which answer was stricken. Counsel then attempted to further qualify the witness, who stated defendant's face was flushed and his eyes danced in his head. This is hardly a sufficient basis for an opinion. Another witness testified in substance he knew defendant about the time; that defendant told him his wife was trying to send him to the insane asylum; that he heard defendant say the Germans were after him; saw him have an argument with his wife and family, but did not know the substance of it. He was then asked his opinion as to defendant's sanity, which was excluded. The predicate attempted to be laid as a basis for an opinion is insufficient. The rule is stated in Bell v. State, 14 Okla. Cr. 167, 168 Pac. 827, as follows:

"As a general rule nonexpert witnesses should not be permitted to give their opinions as to the sanity or insanity of a person whose mental capacity is made an issue in a criminal trial. They may, however, after testifying to facts upon which they base conclusions, testify to the impressions made upon them, and state whether the acts

and declarations testified to led them to believe that the person in question was rational or irrational; that is, whether he was sane or insane."

A trial court should be fairly liberal in allowing a nonexpert witness to state his observation and the facts tending to show insanity upon which to base a conclusion, and, when a sufficient basis is shown, the witness should be permitted to state whether in his opinion defendant is sane or insane. But, where there is no sufficient testimony as to acts, conduct, and demeanor of defendant upon which to base an opinion of insanity, the opinion should be excluded.

It is next urged there was misconduct of the jury in the trial of the case; that one of the jurors conversed out of the hearing of the jury with one Stroud, a brother-in-law of defendant's wife. The jury was not held together during the course of the trial until it was finally submitted to them. On a motion for a new trial, it was developed before the court that during a recess, after the opening argument had been made, Stroud at a distance of about twenty-five feet from the other jurors did converse with one of them. This was observed by counsel for the state, who informed him that any conversation was improper. Defendant's counsel did not call the juror nor Stroud, but rested upon the bare showing that some conversation was had. It is within the discretion of the trial court to permit a separation of the jury during the course of the trial. Where misconduct is charged to have occurred before final submission, the burden is on defendant to show prejudice. Where the claimed misconduct is committed after the case is submitted, the burden is on the state to show that no prejudice resulted. The case is not submitted to the jury until the arguments of counsel are completed and the jurors are allowed to retire in charge of their bailiff for

final deliberation on their verdict. The mere fact that some member or members of the jury talked to some person a short distance from the other members of the jury and in plain view is not a showing of prejudice which will overcome the presumption that the jury acts in accordance with its oath. We apprehend the juror or Stroud would have been called in support of the charge of misconduct if their testimony would have shown any misconduct other than the conversation. The contention is not tenable. Upon a consideration of the entire record, we are satisfied defendant had a fair trial, and that the judgment is fully sustained by the evidence.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.