Lonnie GLASGOW, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13092.

Court of Criminal Appeals of Oklahoma.

April 11, 1962.

Funston, Flanagan, Walters, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by Lonnie Glasgow, defendant below, from a conviction of first degree manslaughter, in the district court of Comanche County, Oklahoma.

The defendant was charged in the district court of Cotton County, Oklahoma, by information with the crime of murder, for the shotgun killing of Jessie Walter Martin, with premeditated design, said crime alleged to have been committed on October 29, 1960, in said last named county. A change of venue to Comanche County was granted, and the case tried therein.

The defendant was tried on the murder charge by a jury, found guilty of manslaughter in the first degree, as hereinbefore indicated, and his punishment fixed at fifteen years in the penitentiary. Judgment and sentence was entered accordingly, from which this appeal has been perfected.

The evidence established the killing beyond a reasonable doubt. The defendant did not testify in his own behalf. None of the propositions urged are based upon insufficiency of the evidence as to guilt. The contention, however, is urged that the fifteen year sentence is excessive. Other objections to the conviction are raised.

The first contention of the defendant is that the jury read a newspaper article about him and other prisoners involved in an attempted jail break in Lawton, Comanche County, while he was awaiting trial under the change of venue. Defendant urges that the trial court erred in not sustaining his motion for new trial on this ground.

The article referred to and attached to the motion for new trial, reported an attempted jail break, and that after the attempt was thwarted, inmates staged a destructive riot, plugging the commodes, damaging plumbing and flooding the third floor of the court house; that six hack-saw blades were recovered from the cells, and that a steel plate section in the jail's main tank was sawed almost completely through. The article further reported that four of the eighteen prisoners in the main tank (without naming them) were thereafter placed in solitary confinement pending further investigation. The article did not charge that this defendant participated in the attempted jail break, but stated that he was one of three prisoners in the tank facing murder charges.

The evidence in support of this proposition consists entirely of the defendant's own testimony on the hearing of the motion for new trial, and the newspaper article. The defendant testified that he observed the jury reading the newspaper before the case was submitted to the jury while the judge was in his chambers, preparing instructions. He said he looked into the jury room from the place where he was in custody of a deputy sheriff. On cross-examination he said, "There was a juror that read it." He further testified that "pretty soon he laid it down and I picked it up". He said he wanted it, because he thought there was an article in it about him and his case. He "figured" the juror was reading it. The testimony shows that at no time did he tell the court or his counsel about the incident until he read the article after he was returned to jail in Walters, Cotton County. He only told his attorney about it two days later.

On this evidence the motion for new trial was presented and overruled by the trial court.

The Supreme Court of the United States in Marshall v. United States, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250, said:

"The trial judge has a large discretion in ruling on the issue of prejudice resulting from the reading by jurors of news articles concerning the trial. Holt v. United States, 218 U.S. 245, 251, 31 S.Ct. 2, 6, 54 L.Ed. 1021, 1029 [20 Ann.Cas. 1134]. Generalizations beyond that statement are not profitable, because each case must turn on its special facts."

In Tapedo v. State, 34 Okl.Cr. 165, 245 P. 897, this Court announced the rule applicable herein:

"The action of the juror was misconduct, and in capital cases where, *after the case is finally submitted to the jury,* and there is a showing of misconduct, the presumption is that it is prejudicial, and the burden is on the state to show that no injury could have resulted therefrom to the defendant. *Before the final submission of the case to the jury, the burden to show prejudice from an alleged misconduct is on defendant.*" (Emphasis now supplied.)

■ In other similar situations where prejudice is contended by the defendant, this Court has held that on questions arising before the submission of the case to a jury the burden is upon the defendant to show prejudice. Martin v. State, 58 Okl.Cr. 187, 51 P.2d 584; Hile v. State, 54 Okl.Cr. 137, 15 P.2d 1049.

■ We have been unable to find any cases in Oklahoma squarely touching the point. In People v. Torres, 185 Cal.App.2d 168, 8 Cal.Rptr. 135, the District Court of Appeals, Third District of California, pronounced a good rule of practice, as well as the substantial rule. Therein at page 137 of 8 Cal.Rptr. that court said:

"The court on a number of occasions during the course of the trial admonished the jury not to read any newspaper articles about the case or listen to any radio or television comment thereon. * * *

"It is well settled that the burden is on the appellant to make a showing that the jury's verdict was influenced by any alleged unfavorable newspaper article. People v. Stroble, 36 Cal.2d 615, 226 P.2d 330; People v. Santo, supra [43 Cal.2d 319, 331, 273 P.2d 249]; People v. Gomez, 41 Cal.2d 150, 258 P.2d 825; People v. Wayne, 41 Cal.2d 814, 832, 264 P.2d 547. There is no support in the record to show that the jury's verdict was influenced in any

manner. The granting of a motion for new trial is a matter peculiarly within the discretion of the trial court, and we are satisfied that the court did not abuse its discretion in denying the motion."

Also in Shank v. People, 79 Colo. 576, 247 P. 559, the rule is stated as follows:

"Even where jurors read newspaper comments on the trial the verdict will not be set aside if defendant is not prejudiced thereby, or if objection might be, but was not, made prior to verdict. 16 C.J. § 2672, p. 1164; Johnson v. People, 33 Colo. 224, 242, 80 P. 133, 108 Am.St.Rep. 85."

In State v. Robinson, 20 W.Va. 713, it was said a new trial should not be granted if the newspaper account is of another unrelated crime, having no relation to the facts or circumstances of the case being tried by them.

■ Practically all the cases hold that the matter of a new trial in such cases as the one at bar is within the judicial discretion of the trial court.

■ In light of the foregoing cases, we must analyze the situation at bar. The matter could have been, but was not, called to the court's attention prior to the verdict. The defendant says a juror, without further identification, read the article. It is apparent that defendant was not in the jury room when the paper was being read. We cannot presume on such slim evidence that the defendant could see, at whatever that distance was away from the juror, what the juror was reading, and that the juror read the article complained of. Defendant says the juror laid the paper down, and he picked it up. It is not clear where he picked the paper up, in the jury room or in the court room. Defendant further says "the jury", not just a juror, read the paper. To sustain this contention we would be compelled to presume that they read the article in question. Such practice would open up an area of rank speculation, which is not a proper basis for exercise of judicial discretion. These things are matters that must be established by sub-

stantial proof, and not predicated upon presumptions. If what he said in the foregoing regard was true the defendant could have obtained corroborative proof by subpoenaing the member of the jury, whoever he was, or the deputy sheriff, or other members of the jury. In the absence of such proof, the evidence is completely unsatisfactory upon which to predicate relief. It must be clear and convincing before relief can be granted on such premise.

Moreover, the defendant must establish by his proof that he was prejudiced, conceding the article was read, and the way to prove this is by calling the jury. If this was not a figment of imagination, the matter should have been called to the attention of the trial court, so it could have been investigated. That is clearly the reason for the foregoing rule in the Tapedo case, and others, placing the burden upon the defendant to show by credible proof that the things he alleges happened. To follow the procedure advocated by the defendant in this case would make of such procedure a mere sham. No credible proof establishes that the defendant acquired the paper as he alleges and testified he did, not even the deputy sheriff who was his guard was called by defendant to corroborate him. It is also incredible that he, believing as he testified he did, that it contained an account of his trial, that he would have waited until he was returned to his cell in the Cotton County jail in Walters, Oklahoma, to read it, and then wait two days to report it to his counsel. His curiosity would have prompted him to have read it sooner. Moreover, his experience in such matters would have prompted him to make a more prompt report of the things he testified he saw. It must be remembered that the record shows, as developed by defendant's counsel, that Glasgow "had been tried a number of times * * * and was an experienced man in the eyes of the law. * * *" This statement is partially confirmed by our own records, Glasgow v. State, 88 Okl.Cr. 279, 202 P.2d 999, and Glasgow v. State, Okl.Cr., 328 P.2d 185.

This evidence is so unsatisfactory that it is insufficient, first, to establish the factum of the jury reading the newspaper article; and, second, because it is wholly void of any proof of prejudice. This was a needless killing, followed by a charge of murder, with conviction of first degree manslaughter, and only a fifteen year penalty, which can hardly be regarded as the result of prejudice. The penalty imposed is not excessive.

In any event, if a verdict can be disturbed on such uncorroborated evidence, the final fate of the accused in any case would rest in his ability to acquire such a newspaper after the verdict had been rendered, and fashion a story to fit the occasion. The reason for the foregoing rule, as to burden of proof resting with the defendant, and the necessity of his establishing prejudice, becomes more apparent.

■ The defendant next contends that it was error to permit Joe Kerr to testify to an admission that he, Glasgow, shot Jessie Walter Martin, since the testimony was not presented at the preliminary hearing. The defendant cites no authority to support this contention. We presume if it could be supported by authority, the counsel would have supplied it. We are of the opinion it is wholly without merit. We know of no law that requires the state to produce its entire case on a preliminary hearing, since the state need produce only sufficient evidence to establish a case of probable cause. McAllister v. State, 97 Okl.Cr. 167, 260 P.2d 454.

Under the foregoing, we are of the opinion that the judgment and sentence should be, and the same is, accordingly affirmed.

NIX, P. J., and BUSSEY, J., concur.