Donnie Jones LUMPKIN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-15215.

Court of Criminal Appeals of Oklahoma.

March 17, 1971.

▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮ ▮▮▮▮

C. Chad Bledsoe, Lawton, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Donnie Jones Lumpkin, hereinafter referred to as defendant, was charged conjointly with James Smiley for the crime of Robbery by Firearms; a severance was granted and the defendant was found guilty by a jury who fixed his punishment at five years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

The defendant's sole allegation contends that there was error in the proceedings of the court during the selection of the trial jury from the jury panel for his trial. The co-defendant, James Smiley, was tried prior to the defendant, and during the voir dire of defendant's trial the jury in the Smiley case reached a verdict. The trial court directed the jurors in the box and the remaining jury panel to retire outside the courtroom. The only mention in the record of what occurred is as follows:

"MR. BLEDSOE: Defense takes exception to the manner in which the voir dire proceedings of this trial were interrupted for the reading of the verdict of a prior case containing similar fact situations in which there was a possibility and even a probability that the jury in this action obtained information as to the results of the prior similar trial.

"THE COURT: Let the record show that the arrangement was so made that in the opinion of the court it was not only improbable but impossible for those who are now sitting on this case to have learned in any way about what the verdict in the other case was. Let the record show that when the other verdict came in, in the case of C–2163, State of Oklahoma vs. James Smiley, that all the jurors on the panel were excluded from the courtroom, and that after the report of said verdict those who had tried the case were excused and all of the jurors were present in the courtroom so that there was no opportunity whatsoever for this panel that is now trying this case to have learned from them or any other source as to the outcome of that verdict in that case." (T. 51).

This Court has consistently held that before the final submission of a case to a jury, the burden to show prejudice from an alleged misconduct of a juror is on the defendant and must be established by clear and convincing proof rather than by inference or speculation. Glasgow v. State, Okl.Cr., 370 P.2d 933.

▮ In the instant case if counsel for the defendant seriously believed that some of the jurors were present in the courtroom when the co-defendant's verdict was returned, the proper procedure would have been to raise the matter in the Motion for New Trial and to subpoena witnesses to substantiate the same.

▮ Absent any showing by clear and convincing proof that the jurors were prejudiced, we are of the opinion that the proposition is without merit and accordingly hold that the judgment and sentence should be, and the same is hereby, affirmed.

NIX and BRETT, JJ., concur.