**Richard CARR, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–113.**

Court of Criminal Appeals of Oklahoma.

Sept. 10, 1973.

**414**

William L. Brodersen, Chickasha, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

OPINION

BRETT, Judge:

Appellant, Richard Carr, hereinafter referred to as defendant, was tried by a jury in a two-stage proceeding in the District Court of Grady County, Case No. CRF–72–53, for the offense of Pointing a Firearm with Felonious Intent, After Former Conviction of a Felony. The jury assessed defendant's punishment at ten (10) years imprisonment. Judgment and sentence was imposed on December 21, 1972. From that conviction this appeal has been lodged.

Omitting the formal parts of the Information, it alleged the following:

" . . . the crime of (1) Pointing Firearm, or (2) Carrying Firearm in the manner and form respectively as set forth in the alternate and separate counts that follow, to-wit:

"(1) That said defendant did then and there, and at or about 8:00 o'clock p. m., and upon premises located at 720 So. 1st St., in the City of Chickasha, wilfully, feloniously and without lawful cause point a pistol at one Titus Perry, with malice and for the purpose of threatening him, and with the unlawful, malicious and felonious intent then and there on the part of said defendant to injure the said Titus Perry physically or by mental or emotional intimidation, in violation of 21 O.S.1971, § 1289.16; or

"(2) That the same acts of the said defendant as aforesaid may constitute a different offense, or the proof may be uncertain as to which of the two hereinabove and hereinafter offenses the defendant may be guilty.

"That said defendant did then and there, and at or about 8:00 o'clock p. m., and upon premises located at 720 So. 1st St., in the City of Chickasha, and by the same acts as hereinabove alleged, unlawfully, wilfully and wrongfully carry on or about his person a certain firearm, to-wit: a pistol, said firearm not being carried by said defendant under any condition or exceptions permitting the carrying of firearms; . . . . "

The Information in this case was laid under the provisions of 22 O.S.1971, § 404, which provides:

"The indictment or information must charge but one offense, but where the same acts may constitute different offenses, or the proof may be uncertain as to which of two or more offenses the accused may be guilty of, the different offenses may be set forth in separate counts in the same indictment or information and the accused may be convicted of either offense, and the court or jury trying the cause may find all or either of the persons guilty of either of the offenses charged, and the same offense may be set forth in different forms or degrees under different counts; and where the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count."

Defendant's first proposition asserts that the trial court erred when the prosecution was not required to elect upon which offense defendant was to stand trial. In support of this, defendant cites McLaughlin v. State, 2 Okl.Cr. 343, 102 P. 713 (1901) and Williams v. State, 16 Okl. Cr. 54, 180 P. 559 (1910), but neither case is applicable to the facts in the instant case. In *McLaughlin,* supra, this Court stated:

"The accused also contends that he has been improperly convicted, because the information 'tends to charge' two offenses, by charging that he committed the

crime of 'selling and furnishing intoxicating liquors.' This court does not agree . . . ."

Later in the same opinion, it is said:

"If, however, an information or indictment charges two or more offenses in one count, and the accused sought to take advantage thereof on account of duplicity, it would be necessary for him to take steps to require the prosecutor to elect upon which charge of the offense he would rely for a conviction, . . . ."

In *Williams,* supra, this Court found that two offenses were contained in the same count. In the instant case, however, the two separate offenses are listed in the same information, but under separate counts as provided for in the foregoing statute.

In Sturgis v. State, 2 Okl.Cr. 362, 102 P. 57 (1909), this Court held:

"We . . . hold that it is only permissible for an information or indictment to contain more than one count when the separate counts all relate to the same transaction and are necessary to prevent a variance between the allegation and the evidence."

See also Cochran v. State, 4 Okl.Cr. 379, 111 P. 974 (1910) and Hughes v. State, 7 Okl.Cr. 117, 122 P. 554 (1912). Later this Court recited in State v. Sowards, 64 Okl. Cr. 430, 82 P.2d 324 (1938), while considering a reserve question of law on this same question of separate counts in one information:

"In such cases the indictment or information must show on its face that the separate counts are all based on the one and the same act or transaction."

In Privitt v. State, Okl.Cr., 336 P.2d 925 (1959), defendant was charged in one information listing two counts, i. e., felonious assault with intent to rape, and assault with intent to rob. This Court held:

"The same indictment or information may contain two counts provided the averments in the indictment or information show that both counts are based upon one and the same transaction; and upon trial the accused may be convicted of either of the offenses. [Citations omitted] Such is the situation herein and the information is not duplicitous."

See also Richmond v. State, Okl.Cr., 492 P.2d 349 (1971). We therefore find defendant's first proposition to be without merit.

Likewise, we cannot accept defendant's second proposition for the reason having found that the information was properly drawn under the foregoing statute, the prosecutor's opening statement did not presume to make an election as contended by defendant.

■■ Defendant's third proposition asserts that defendant was tried before an all white jury to his prejudice. Defendant fails to support his contention with any authority. We observe also that defendant failed to timely enter any challenge to the jury panel, as provided for in the statutes. Likewise, defendant waived the reporting of the voir dire examination, and, consequently, there is nothing for this Court to consider in that respect. It is not sufficient for defendant to assert error without supporting such contention. Unless there is a showing of a systematic exclusion of Negros from the jury, such contention of prejudice is without merit. "The burden is, of course, upon the petitioners to prove the existence of purposeful discrimination . . ." Whitus v. Georgia, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599 (1967). See also Wolfchief v. State, Okl.Cr., 461 P.2d 949 (1969).

■■ Concerning defendant's next contention of error, as related to newspaper articles which allegedly caused defendant prejudice, which was raised in his motion for new trial, the burden is upon the defendant to show how he might have been prejudiced by such articles. "[T]he burden is on the appellant to make a showing

that the jury's verdict was influenced by any alleged unfavorable newspaper article." Glasgow v. State, Okl.Cr., 370 P.2d 933 (1962). In the instant case, when the court admonished the jury concerning the newspaper article, prior to submission of the case to the jury, defense counsel indicated that he was satisfied that no prejudice was shown and announced ready to proceed. We therefore conclude that the trial court properly overruled defendant's motion for new trial.

 Lastly, defendant contends that the prosecutor committed error in his opening and closing statements to the jury. After considering the prosecutor's opening statement, we fail to find any prejudice alluded to by defendant's brief. With reference to the prosecutor's closing argument, when defendant entered his objection which the court sustained, the prosecutor's comment was not an unreasonable assumption deduced from the evidence when he said, "[W]e are lucky here, from the evidence, we are lucky that we are not here perhaps on a murder case. Two centimeters difference, and—" Defendant's objection was sustained, but nonetheless, under the circumstances of the gunshot wound in the abdomen, such conclusion was not unreasonable. The right of the prosecutor, during closing argument, to discuss the evidence from his standpoint and to draw reasonable inferences and deductions therefrom, has long been permitted. See Pickens v. State, Okl.Cr., 450 P.2d 837 (1969) and Valenti v. State, Okl.Cr., 392 P.2d 59 (1964). We conclude that reversible error was not committed thereby. We observe also that defendant was assessed the minimum sentence for a second or subsequent conviction of a felony.

We are therefore of the opinion, after considering the records and briefs submitted, that this conviction should be affirmed. It is so ordered.

BLISS, P. J., concurs.

BUSSEY, J., concurs in results.